J-S40022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ESKRIDGE, | : | |
| | : | |
| Appellant | : | No. 3350 EDA 2017 |

Appeal from the PCRA Order Entered August 29, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0007231-2011

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 10, 2018**

Appellant, Anthony Eskridge, appeals *pro se* from the denial of his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

We take the following pertinent facts and procedural history from our independent review of the certified record.  On April 16, 2012, with the assistance of counsel, Appellant entered a negotiated guilty plea to robbery as a felony of the first degree in exchange for the Commonwealth's dismissal

---

[1] Although Appellant's *pro se* notice of appeal purports to appeal from the "[m]unicipal [c]ourt's [j]udgment," for the reasons discussed ***infra***, this case is more properly classified as a PCRA appeal.  (Notice of Appeal, 9/18/17, at 1).  We have amended the caption accordingly.

---

*   Retired Senior Judge assigned to the Superior Court.

of sixty-five other charges against him.[2] (**See** N.T. Guilty Plea, 4/16/12, at 6; Information, 1/19/12, at 1-16). Appellant waived a post-sentence investigation report (PSI), and the trial court sentenced him to the agreed term of not less than seven nor more than fourteen years' imprisonment. He did not file a direct appeal.

On October 26, 2012, Appellant filed a *pro se* first PCRA petition. Appointed counsel filed a motion to withdraw and **Turner**/**Finley**[3] "no-merit" letter on December 14, 2012. On January 3, 2013, the court served notice of intent to dismiss portions of Appellant's petition without a hearing. **See** Pa.R.Crim.P. 907(1). Appellant did not respond. After a hearing on the remaining sections of Appellant's PCRA petition, the court denied it in full, on February 8, 2013. It granted counsel's petition to withdraw on March 21, 2013.

On August 18, 2017, Appellant filed a *pro se* request for relief, alleging, *inter alia*, that he was entitled to "a correction of sentence[,]" and challenging the voluntariness of his guilty plea because he was not provided "full disclosure[.]" (Second *Pro Se* PCRA Petition, 8/18/17, at unnumbered page 1) (unnecessary capitalization omitted). On August 29, 2017, the court denied Appellant's filing on the basis that Appellant was not entitled to the relief

---

[2] Appellant also pleaded guilty to robbery at docket number 6816 of 2011 at the same hearing. (**See** N.T. Guilty Plea, at 14). That case is not relevant to this appeal.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

requested. (**See** Order, 8/29/17; Trial Court Opinion, 2/01/18, at 3). Appellant timely appealed *pro se*. The court did not order him to file a concise statement of errors raised on appeal, but it filed an opinion on February 1, 2018. **See** Pa.R.A.P. 1925.

Appellant raises three questions for this Court's review.

A.) What sentencing statutes in the Sentencing Code authorized the [trial court] to impose the sentence the (sic) was imposed upon [Appellant]?

B.) What mandatory minimum sentencing statute authorized the [trial court] to impose the sentence that was imposed upon [Appellant]?

C.) Was the sentence of total confinement placed against Appellant illegally imposed which would therefore make Appellant's entire sentence void and subject to correction due to the undeniable fact that a [PSI] was never ordered in Appellant's case, nor was it rightfully or knowingly wavied (sic) by Appellant?

(Appellant's Brief, at 3) (unnecessary capitalization, quotation marks, emphasis, and brackets omitted; some brackets added).

As a preliminary matter, we observe that the trial court should have treated Appellant's request for relief as a second PCRA petition. "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S.[A.] § 9542[.]" **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013) (case citation omitted). Therefore, "an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition." **Id.** at 467.

Here, Appellant's August 18, 2017 filing sought, *inter alia*, "a correction of sentence[,]" and alleged that he entered his guilty plea "under threat, duress and coercion," claims for which the PCRA provides relief. (Second *Pro Se* PCRA Petition, at unnumbered page 1); **see also** 42 Pa.C.S.A. § 9543(a)(2)(iii), (vii). Therefore, we treat Appellant's document as a second PCRA petition.

Our standard of review for an order denying PCRA relief is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." **Commonwealth v. Hutchins**, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

It is well-settled that "[a] petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time-bar is met. [**See**] 42 Pa.C.S.[A.] § 9545." **Taylor**, **supra** at 468.

In this case, Appellant's judgment of sentence became final on May 16, 2012, when the time for filing a direct appeal to this Court expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until May 16, 2013 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because he did not file his current petition until August 18, 2017, over four years later, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See* 42 Pa.C.S.A. § 9545(b).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 9545(b)(i)-(iii). It is well-settled that "[t]he PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

Here, Appellant fails to acknowledge either the untimeliness of his petition or plead and prove the applicability of any of the exceptions. (*See*

- 5 -

Appellant's Brief, at pages 1-8).[4]  Additionally, although he properly notes that legality of sentence claims cannot be waived, this does not save his untimely petition, because such "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Woods**, 179 A.3d 37, 43 (Pa. Super. 2017) (citation omitted); (**see** Appellant's Brief, at 4-5).

Therefore, because Appellant has failed to plead and prove an exception to the PCRA time-bar, both the PCRA court and this Court lack jurisdiction to consider the merits of his issues.[5]  **See Spotz**, **supra**  at 678; **Hutchins**, **supra** at 53.  Accordingly, we conclude that the court properly denied his request for relief, albeit for a different reason.  **See Rykard**, **supra** at 1183.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/18

---

[4] Some page numbering provided.

[5] Moreover, even if we had jurisdiction to consider Appellant's issues, he would not be eligible for relief because his claims are waived on two bases.  First, he could have raised them in his first PCRA petition, but failed to do so.  **See** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b).  In addition, he is raising different issues here than he raised in the PCRA court.  **See** Pa.R.A.P. 302(a); **Commonwealth v. Johnson**, 179 A.3d 1105, 1123 n.10 (Pa. Super. 2018) ("[C]laim not raised in a PCRA petition cannot be raised for the first time on appeal.") (citation omitted); (**see also** Appellant's Brief, at 3; Second *Pro Se* PCRA Petition, at unnumbered page 1).