2017 PA Super 181

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERMAN T. WOODS | : | |
| | : | |
| Appellant | : | No. 1946 WDA 2016 |

Appeal from the PCRA Order November 4, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  No. 523 Criminal 1980

BEFORE:   LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                         **FILED JUNE 12, 2017**

Appellant Herman T. Woods appeals the Order entered in the Court of Common Pleas of Mercer County on November 4, 2016, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Because this petition is untimely without an applicable exception, we affirm.

Given our disposition, a detailed recitation of the facts is unnecessary in this matter.  Appellant was convicted of second degree murder in 1981 following a jury trial.  Appellant was eighteen years, thirty-six days old when he committed the crime on November 22, 1980, as his date of birth was October 17, 1962.  On October 28, 1981, Appellant was sentenced to a

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

mandatory term of life imprisonment, and he filed a timely notice of appeal the next day.[2]   On September 2, 1983, this Court affirmed Appellant's judgment of sentence.   ***Commonwealth v. Woods***, ***Jr.***, 466 A.2d 709 (Pa.Super. 1983) (unpublished memorandum).   The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 18, 1984.   The conclusion of direct review was May 14, 1984, when the United States Supreme Court denied his petition for writ of *certiorari*.   ***Woods v. Pennsylvania***, 466 U.S. 977, 104 S.Ct. 2359, 80 L.Ed.2d 831 (1984).

Because Appellant's judgment of sentence became final prior to the 1995 amendments to the PCRA, which added certain time restrictions, Appellant was permitted to file his first PCRA petition by January 16, 1997. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 554-55, 722 A.2d 638, 641 (1998) (holding where conviction became final on or before effective date of

_____

[2] The trial court stated on the record it would ensure Appellant received credit for the 341 days he had spent in prison as "it was [the trial court's] understanding that Appellant may, after a certain number of years, be eligible for parole, and therefore, that information should be available in his record."   N.T. Sentencing, 10/28/81, at 2 (unnumbered).   However, Pennsylvania's sentencing scheme mandates that a person who has been convicted of murder of the second degree shall be sentenced to a term of life imprisonment. 18 Pa.C.S.A. § 1102(b). The Prisons and Parole Code provides that the Parole Board may exercise its discretion to grant parole "only after[ ] the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Board of Pardons in a sentence which has been reduced by commutation." 61 Pa.C.S. § 6137(3). Notwithstanding, the Parole Board may not release on parole any inmate "condemned to death or serving life imprisonment." 61 Pa.C.S. § 6137(a)(1).

Act, to be timely PCRA petition must be filed within one year of effective date and must be *first* petition to be eligible for one-year grace period). Notwithstanding, Appellant did not file his first PCRA petition until July 27, 1998, making it untimely. Counsel was appointed and later filed a petition to withdraw wherein he averred private counsel had entered his appearance for Appellant in the action. In an Order entered on October 13, 1998, the trial court granted appointed counsel's petition to withdraw; however, the official docket entries do not indicate that privately retained counsel took any further action regarding the PCRA petition, nor do they contain an Order entered by the trial court on the merits thereof.

On August 27, 2012, Appellant filed a second PCRA petition *pro se* wherein he generally alleged ineffectiveness of prior counsel and that "mandatory life without parole violates the Eighth Amendment Art 5 of the Universal Declaration of Human Rights as well as Art. I #3 of the Pennsylvania Constitution for someone under the age of 25." **See** Motion for Post Conviction Collateral Relief, filed 8/27/12, at 3. Counsel was appointed on September 12, 2012, and in an Order entered on October 16, 2012, the trial court directed counsel to file an Amended PCRA Petition and/or a no-merit letter on or before November 1, 2012, although an amended petition was not forthcoming. Instead, on July 13, 2015, Appellant filed *pro se* his "Motion for Leave to Amend Petition for Habeas Corpus Relief under Article I, Sections 5, 6 & 14 of the Pennsylvania Constitution and for Post Conviction

Relief Under the Post Conviction Relief Act et Seq." In its Order entered on July 16, 2015, the trial court denied the same without prejudice because Appellant was represented by counsel.

The trial court also scheduled a status conference to be held on August 17, 2015, to address Appellant's Habeas Corpus petition and the status of his previously filed PCRA petition. In its Order entered on that date following the conference, the trial court directed PCRA counsel to file either a motion to withdraw as counsel or a motion to schedule an evidentiary hearing and/or argument on the pending PCRA petition on or before October 15, 2015.

On September 10, 2015, counsel filed a motion to withdraw along with a "no merit letter" pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). Therein, he noted Appellant was challenging the legality of his sentence based upon the United States Supreme Court's ruling in **Miller v. Alabama**, ___ U.S. ____, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012) wherein the Court had held that mandatory sentences of life imprisonment without parole are unconstitutional for juvenile offenders. In its September 11, 2015, Order, the trial court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition without a hearing. The trial court further indicated Appellant may proceed *pro se* or with the assistance privately retained counsel.

- 4 -

On February 17, 2016, Appellant again filed a petition of Habeas Corpus relief *pro se* challenging his conviction under the United States Supreme Court's recent decision in **Montgomery v. Louisiana**, ___ U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (filed on January 25, 2016, as revised on January 27, 2016) wherein the Court held the application of **Miller** is retroactive. In its Order entered on February 22, 2016, the trial court denied Appellant's Petition for Writ of Habeas Corpus Relief and in doing so found, *inter alia*, that the retroactive application of the Supreme Court's holding in **Miller** which pertained to juvenile offenders is inapplicable to Appellant because he was eighteen years old at the time of the murder.

On March 18, 2016, Appellant filed *pro se* the PCRA petition presently before us. Therein, Appellant again averred he was entitled to relief under **Montgomery** and **Miller**, *supra*, as well as under **Alleyne v. United States**, ___U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and their progeny.[3] The trial court appointed counsel to represent Appellant in an Order entered on April 19, 2016;[4] notwithstanding, Appellant filed a *pro se* supplemental PCRA petition on May 23, 2016. In its Order entered on July

---

[3] In **Alleyne**, the United States Supreme Court held that any fact which increases a mandatory minimum sentence is an "element" of the crime, and not a "sentencing factor," and, thus, must be submitted to the jury pursuant to the Sixth Amendment to the United States Constitution.

[4] We note that Appellant had a rule-based right to counsel for his initial PCRA petition only. **Commonwealth v. Figueroa**, 29 A.3d 1177, 1180 (Pa.Super. 2011).

- 5 -

1, 2016, the trial court directed counsel to file either an amended PCRA petition, a "no-merit letter" or a motion requesting an evidentiary hearing on or before August 31, 2016.

Counsel filed a "no-merit letter" on September 27, 2016, and in its Order entered on that same date, the trial court granted counsel leave to withdraw and Appellant leave to proceed *pro se*. In the meantime, Appellant had filed another supplemental PCRA petition. On October 31, 2016, Appellant filed his "Response and Answer to PCRA Court's Notice and Order to Dismiss Pro Se Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9542." On November 7, 2016, the trial court denied Appellant's PCRA petition and advised him of his right to file an appeal with this Court within thirty (30) days. Appellant filed his notice of appeal on November 28, 2016, along with his "Statement of Questions Raised on Appeal."[5]

_____

[5] In its Opinion filed pursuant to Pa.R.A.P. 1925(a) the trial court indicates that Appellant's Notice of Appeal was untimely filed on December 19, 2016, and should be dismissed for that reason. In addition, the Commonwealth argues this Court should quash the instant appeal because Appellant filed his notice of appeal outside of the appropriate appeal period. Brief for Appellee at 2. Pa.R.A.P. 903(a) indicates that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. Appellant is incarcerated and his notice of appeal was filed *pro se*. While Appellant's notice of appeal is time-stamped December 19, 2016, he dated it November 28, 2016, which falls within thirty days after the entry of the trial court's November 7, 2016, Order. In addition, there is no indication on the docket that the PCRA court complied fully with Pa.R.Crim.P. 907(4) which states that: "When the petition is dismissed without a hearing, the judge
*(Footnote Continued Next Page)*

J-S35039-17

In his brief, Appellant presents the following three questions for this Court's review:

> A.    Does not the decision of the Pennsylvania Supreme Court in Commonwealth v. Vasquez, 744 A.2d 1284 (Pa. 2000),[6] which held that non-compliance with Pa.R.Crim.Proc., 42 Pa.C.S.A. § 1410 and, 42 Pa.C.S.A. § 5505 creates no bar to reviewing the application by the trial court of 42 Pa.C.S. § 9714?
>
> B.    Does not the recent decision of the United States Supreme Court in Alleyne v. United States, 133 S.Ct. 2151 (2013), and its progeny, Commonwealth v. Newman, 99 A.3d 86 (2014), including Commonwealth v. Watley 81 A.3d 108, 117 (Pa. Super. 2013), Commonwealth v. Valentine, 2014 Pa. Syuper 220, 2014 WL-4942256, 2014 Pa.Super. Lexis 3420 (2014); Commonwealth v. [Hopkins,] 117 A.3d 247 (Pa. 2015), and Commonwealth v. Wolfe, 121 A.3d 433 (Pa. 2016), constitute illegal sentencing claims that any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt?

*(Footnote Continued)* ───────────────

promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed."  As such, we deem Appellant's notice of appeal to be timely filed on November 28, 2016, under the "prisoner mailbox rule." **See Commonwealth v. Jones**, 549 Pa. 58, 64, 700 A.2d 423, 426 (1997) (pursuant to the "prisoner mailbox rule," a *pro se* filing is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox, though the appeal is actually received by the court after the deadline for filing the appeal).

[6] The correct citation for this case is **Commonwealth v. Vasquez**, 560 Pa. 381, 744 A.2d 1280 (2000).  Therein, the Pennsylvania Supreme Court considered whether a trial court had the authority to add a mandatory fine to a sentence that it had neglected to impose initially. In doing so, the Court stated that "[t]rial courts never relinquish their jurisdiction to correct an illegal sentence." **Id**. at 381, 744 A.2d at 1284 (2000).

C. Does not the PCRA Court's Answer fail to address [Appellant's] illegal sentencing claims that non-compliance with Pa.R.Crim.Proc's create no bar to reviewing the application by the trial court in any meaningful way, for it also fails to even mention the applicability of 42 Pa.C.S. 9542 action established in 42 Pa.C.S. pt. VIII, ch. 95, subch. B shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when subch. B takes effect, before denying the PCRA motion as without merit and untimely filed?

Brief for Appellant at 1-3.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. ***Commonwealth v. Robinson***, ___ Pa. ____, ____, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The

petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1)     Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

As noted previously, Appellant was sentenced on October 28, 1981, and the United States Supreme Court denied his petition for writ of *certiorari*

- 9 -

on May 14, 1984, at which time his judgment of sentence became final. The 1995 amendments to the PCRA provided for a "transitional, statutory grace period" of one year, applicable to first petitions in cases where the judgment of sentence became final before the January 16, 1996, effective date of the 1995 amendments. **Commonwealth v. *Baroni***, 573 Pa. 589, 827 A.2d 419, 420 n. 1 (2003). Thus, Appellant's first PCRA petition would have been deemed to be timely if it had been filed no later than January 16, 1997. ***See Commonwealth v. Fenati***, 561 Pa. 106, 109, 748 A.2d 205, 206-07 (2000). Since the instant petition was not filed until March 18, 2016, it is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one year time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Appellant's somewhat disjointed arguments, which fail to line up neatly with his Statement of Questions Involved, when liberally construed are twofold. First, Appellant essentially maintains the instant matter "falls within the 'narrow class of cases considered to implicate illegal sentences'" in that his sentence had been illegal from its inception and a trial court never relinquishes jurisdiction over one's challenge to the legality of his sentence. Appellant reasons that because his claim is cognizable under the PCRA, the

trial court erred in dismissing his petition in light of *Vasquez*, *supra*, in that it had "no discretion to deviate its sentence from that which is defined by statute." Brief for Appellant at 3-6 (citations omitted).

Appellant's claim is in contravention to well-established precedent, for a challenge to the legality of one's sentence does not allow him to evade the PCRA's timeliness requirements. In fact, in *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* at 331, 737 A.2d at 223 (citation omitted). Thus, Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence. *See id.* Indeed, despite his arguments to the contrary, Appellant also concedes that "the PCRA statute by its own terms provides relief from any illegal sentence if such a claim is raised in a timely PCRA petition." Brief for Appellant at 14.

In his final two questions presented, Appellant attempts to invoke 42 Pa.C.S.A. § 9545(b)(1)(iii), the "newly recognized constitutional right" exception to the PCRA time-bar. First, Appellant contends that *Alleyne*, *supra* and its progeny rendered unconstitutional statutes that require mandatory minimum sentences. However, in *Commonwealth v. Washington*, ___ Pa. ____, 142 A.3d 810 (2016), the Pennsylvania Supreme Court addressed a situation in which the defendant raised an

*Alleyne* claim in a timely PCRA petition, but his judgment of sentence had become final prior to the *Alleyne* decision. The *Washington* Court held that "*Alleyne* does not apply retroactively to cases pending on collateral review, and that [a]ppellant's judgment of sentence, therefore, is not illegal on account of *Alleyne*." *Id*. at ___, 142 A.3d at 815. In addition, *Alleyne* was decided in 2013, and Appellant did not file the instant PCRA petition until March 18, 2016. Accordingly, Appellant failed to comply with 42 Pa.C.S.A. § 9545(b)(2) (stating "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented").

In addition, Appellant evokes the newly-recognized constitutional right exception when averring his sentence of life imprisonment is illegal under *Montgomery*, *supra*. In *Montgomery*, the United States Supreme Court declared its prior holding in *Miller*, *supra*, constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. *Montgomery v. Louisiana*, ___ U.S. at ____, 136 S.Ct. at 736, 193 L.Ed.2d at ___. Appellant filed his petition within sixty days after the Supreme Court decided *Montgomery*, and the High Court held therein that the new rule of law announced in *Miller*

applies retroactively to cases on collateral review.[7] *See Montgomery*, ___ U.S. at ____, 136 S.Ct. at 732, 193 L.Ed.2d at ___. Thus, if the right announced in *Miller* applies to any of Appellant's claims, the petition is timely as to that specific claim. *See Commonwealth v. Abdul–Salaam,* 571 Pa. 219, 227, 812 A.2d 497, 501-02 (stating ruling regarding retroactive application of new constitutional right must be made prior to filing of PCRA petition); *see also Commonwealth v. Porter*, 613 Pa. 510, 526, 35 A.3d 4, 13-14 (2012) (provisions in 42 Pa.C.S.A. § 9545(b)(1), (2) relating to PCRA's time-bar exceptions are necessarily claim-specific given sixty-day filing restriction and fact that the statute addresses "exceptional" claims). However, we conclude that, since Appellant was over eighteen years old when he committed the murder, *Miller* does not apply to his case.

In *Miller*, the Supreme Court had held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, ___ U.S. at ____, 132 S.Ct. at 2460, 183 L.Ed.2d at ____. However, while the Supreme Court's holding in *Miller* set forth a bright-line rule that mandatory sentences of life imprisonment without the

---

[7] The United States Supreme Court decided *Montgomery* on January 25, 2016, and Appellant filed the current PCRA petition on March 18, 2016. In *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa.Super. 2016), this Court held that the date upon which *Montgomery* had been decided is to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S.A. § 9545(b)(2).

possibility of parole are unconstitutional for juvenile offenders, it did not prevent a trial court from imposing a life sentence upon an individual such as Appellant who was over the age of eighteen at the time he committed the offense. Therefore, the right recognized by *Miller* and held to be retroactive in *Montgomery* does not provide Appellant a basis for relief from the PCRA time-bar. *See Miller*, ___ U.S. at ____, 132 S. Ct. at 2469, ___ L.Ed.2d at _____ (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.") *See also Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa.Super. 2013) (holding *Miller* is not an exception under Section 9545(b)(1)(iii) to those over the age of eighteen at the time crimes were committed); *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) (holding the *Miller* decision applies only to defendants "under the age of 18 at the time of their crimes" and not to a nineteen year old defendant convicted of homicide who claimed he was a "technical juvenile" and relied on neuroscientific theories pertaining to immature brain development to support his claim).

For the foregoing reasons, Appellant's PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar. The PCRA court correctly determined it lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it, and we discern no other basis

on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2017