J-S85018-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY GREGORY JOSEPH | : | |
| | : | |
| Appellant | : | No. 650 WDA 2017 |

Appeal from the PCRA Order March 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0007436-1997

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

JUDGMENT ORDER BY PANELLA, J.                    FILED MAY 01, 2018

Appellant, Troy Gregory Joseph, was convicted of first-degree murder

and firearms offenses in 1998. He is serving a sentence of life imprisonment

without parole. Joseph raises a staggering 19 issues[1] in his pro se appellate

_____

[1] Justice Robert H. Jackson warned of the dangers of this approach many years ago:

> Legal contentions, like the currency, depreciate through overissue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at a lack of confidence in any one. ... But experience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one.

Ruggero J. Aldisert, J. "Winning on Appeal: Better Briefs and Oral Argument," at 129 (2d ed. 2003) (quoting Robert H. Jackson, "Advocacy Before the United States Supreme Court," 37 Cornell L.Q. 1, 5 (1951)).

brief[2] challenging the dismissal of his untimely fifth petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[3] We affirm.

The timing of a petition "is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." Commonwealth v. Whitney, 817 A.2d 473, 478 (Pa. 2003) (citations omitted). A petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented[,]" 42 Pa.C.S.A. § 9545(b)(2), and exceptions to the PCRA's time bar must be pled in the petition, see Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007). Notably, "[a] contention that a newly-recognized constitutional right should be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." Commonwealth v. Furgess, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted; brackets in original; emphasis in original).

Joseph was sentenced on March 16, 1998. He appealed to this Court, which affirmed his judgment of sentence. See Commonwealth v. Joseph,

_____

[2] The substantive portion of Appellant's brief on appeal is 111 pages. Therefore, Appellant was required to certify that his brief did not exceed 14,000 words. See Pa.R.A.P. 2135(a)(1). No such certification is present in his brief.

[3] For reasons that are unclear, the PCRA court appointed counsel to assist Appellant in litigating this petition. Counsel filed a no-merit letter and was permitted to withdraw by the PCRA court.

No. 718 WDA 1998, (Pa. Super., filed August 13, 1999) (unpublished memorandum). Joseph's judgment of sentence became final on September 12, 1999, when his time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court elapsed. See Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). This petition, filed over sixteen years later on March 14, 2016, is patently untimely.

Joseph's only cognizable argument addressing the PCRA's jurisdictional time-bar asserts he is entitled to relief under the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii). Joseph contends the United States Supreme Court's holding in Miller v. Alabama, 567 U.S. 460 (2012), establishes that a court may not impose mandatory life without parole sentences on juvenile offenders. Joseph observes Montgomery v. Louisiana, 136 S.Ct. 718 (2016), held that Miller retroactively applies to cases on state collateral review. Because Joseph filed this PCRA petition within sixty days of the announcement of Montgomery, he believes he has met the exception and is therefore entitled to PCRA relief. He is wrong.

Miller and Montgomery are unambiguously limited to juvenile offenders. See Miller, 567 U.S. at 465; Montgomery, 136 S.Ct. at 736. A petitioner who was not a juvenile at the time of his crime may not invoke these cases to establish an exception to the PCRA's time-bar. See Furgess, 149 A.3d at 94; Commonwealth v. Woods, 179 A.3d 37, 44 (Pa. Super. 2017). At the time he shot his sister's fiancée seven times and killed him, Joseph was eighteen years old. Therefore, Miller is inapplicable to him.

Consequently, we affirm the PCRA court's order dismissing Joseph's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2018