J-S29006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY ROBINSON | : | |
| | : | |
| Appellant | : | No. 1875 EDA 2017 |

Appeal from the PCRA Order May 25, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0837291-1988

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 26, 2018**

Roy Robinson appeals *pro* se from the order dismissing his petition for writ of *habeas corpus* as an untimely Post Conviction Relief Act ("PCRA") petition. We conclude the PCRA court properly treated the petition as a PCRA petition, with the exception of Robinson's claim that the Department of Corrections ("DOC") does not possess a copy of his judgment of sentence. As the court noted, that claim is frivolous. And we conclude the remaining claims in the petition are untimely under the PCRA. We therefore affirm the order.

A jury convicted Robinson on one count of first degree murder for shooting and killing Christopher Washington. The court sentenced Robinson

_____

* Former Justice specially assigned to the Superior Court.

to life in prison. This Court affirmed Robinson's judgment of sentence on May 9, 1991. He did not file an appeal to the Supreme Court of Pennsylvania.

In the following years, Robinson became a prolific filer of collateral petitions. In 2011, this Court affirmed the dismissal of Robinson's sixth PCRA petition as untimely. *See Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011).

Perhaps sensing a theme in the recent dismissals of his PCRA petitions, Robinson switched gears. On December 3, 2014, Robinson filed a petition for writ of *habeas corpus*. This Court affirmed the dismissal of the petition as an untimely PCRA petition. *See Commonwealth v. Robinson*, No. 3366 EDA 2005, at 2-7 (Pa. Super., filed September 7, 2016) (unpublished memorandum).

Currently before us is Robinson's next petition for writ of *habeas corpus*, which he filed on June 14, 2016. The court dismissed the entire petition by order entered May 25, 2017. This timely appeal followed.

Robinson's first issue on appeal arises from the portion of his petition the court treated as an untimely PCRA petition.[1] "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013)

---

[1] On appeal, Robinson has not challenged the court's classification of these portions of his petition as claims under the PCRA.

(citation omitted). On questions of law, our scope of review is *de novo*. ***See id***.

Before we can reach the merits of Robinson's first arguments, we must determine whether the PCRA grants jurisdiction to entertain his claim. Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final. ***See Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is final when the petitioner's direct appeal rights have been exhausted. ***See id***., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time-bar to establish jurisdiction under the PCRA. ***See id***.

A panel of this Court found Robinson's sixth PCRA petition, filed February 11, 2009, untimely. ***See Robinson***, 12 A.3d at 481. Thus, unless Robinson can establish an exception to the timeliness requirement, the court had no jurisdiction to entertain those portions of his petition it determined were subject to the dictates of the PCRA.

First, Robinson argues that ***Johnson v. United States***, 135 S.Ct. 2551 (2015), recognized a new Constitutional right and therefore qualifies for the newly-recognized right exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(iii). He further argues ***Welch v. United States***, 136 S.Ct. 1257 (2016) announced that ***Johnson*** would be applied retroactively.

However, Robinson fails to establish that **Johnson** has anything to do with his case. There, the Supreme Court ruled that the federal Armed Career Criminal Act's residual clause was so vague as to violate the Constitutional guarantee of due process. **See** 136 S.Ct. at 2557.

Robinson concedes the Armed Career Criminal Act was not a factor in either in his conviction or his sentence. **See** Appellant's Brief, at 12. He merely argues Pennsylvania's definition of first-degree murder is likewise too vague to comply with due process requirements. **See id**., at 14. While it is remotely possible there is a colorable due process argument within Robinson's brief, he fails to identify *any* case that has recognized his argument as valid.

This is not sufficient to establish the § 9545(b)(1)(iii) timeliness exception. Subsection (iii) requires that either the Supreme Court of the United States or the Supreme Court of Pennsylvania recognize the right at issue before the petition is filed and that it has been held to apply retroactively. To allow a petitioner to argue his asserted right *will be* recognized through pending litigation would allow this exception to swallow the timeliness rule whole.

Robinson also blends arguments supporting his second issue on appeal. One of these arguments – that 18 Pa.C.S.A. § 1102 is void *ab initio* as it was allegedly never properly enacted – is a claim covered by the PCRA. **See Commonwealth v. Woods**, 179 A.3d 37, 43 (Pa.Super. 2017). And the claim

does not automatically provide an exception to the PCRA's time bar provisions. *See id*.

Thus, the PCRA court properly ruled that those portions of Robinson's petition subject to the PCRA are untimely. Robinson's first argument on appeal merits no relief.

In his next three arguments, Robinson claims he is serving a sentence that the trial court never imposed. *See*, *e.g.*, Appellant's Brief, at 27 ("The core of Appellant's argument is that his detention … is illegal because the trial court never imposed a sentence authorized at 18 Pa.C.S. § 1102(a)"); *see also* Appellant's Brief, at 38 ("There is no presumption of guilt or sentence found in record at hearing on April 30, 1990"). If there is truth to this claim, it is arguable that it may be raised in a petition for writ of *habeas corpus*. *See Joseph v. Glunt*, 96 A.3d 365, 368-369 (Pa. Super. 2014).

However, there is no truth to this claim. Robinson's brief contains a copy of the sentencing order,[2] imposing a life sentence, entered after the court denied Robinson's post-sentence motions. The same document shows that a life sentence had previously been imposed on October 17, 1989. And the

---

[2] Clearly, Robinson's attachment of the document to his brief does not make this document a part of the certified record. *See Roth Cash Register Company, Inc. v. Micro Systems, Inc.*, 868 A.2d 1222, 1223 (Pa. Super. 2005). However, this document is in the certified record as exhibit "N" to Robinson's amended petition filed October 17, 2016. The transcript for the April 30, 1990 sentencing hearing is attached to the same amended petition as exhibit "M".

transcript from the April 30, 1990 hearing on Robinson's post-sentence motions reveals the court imposing a life sentence at page 29.

Clearly, the court imposed a sentence of life in prison. Just as clearly, the mere fact that the DOC does not currently possess a copy of the order imposing sentence does not render Robinson's detention illegal. *See id*., at 370.

Finally, Robinson contends that *Glunt* itself violates the prohibition of *ex post facto* punishment. However, Robinson misreads *Glunt*. Robinson argues that *Glunt*'s construction of 42 Pa.C.S.A. § 9764 relieved the DOC of a duty previously imposed upon it. *See* Appellant's Brief, at 44. This is not true. "The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention." *Glunt*, 96 A.30 at 371. Thus, *Glunt* merely recognized that § 9764 did not create "a cause of action for a prisoner based upon the failure to provide a copy [of a sentencing order] to the DOC." *Id*., at 370.

Robinson contends such a cause of action existed prior to the enactment of § 9764. In support of this novel argument, he cites to 37 Pa.Code §§ 91.3 and 95.222. However, both of these regulations are classified as administrative. For the same reasons § 9764 is clearly not intended to create a remedy for prisoners, we conclude that these two regulations are similarly

not intended to create enforceable rights in prisoners. The regulations are merely procedures established for the efficient administration of prisoners supervised by the DOC. Robinson's claim fails.

As none of Robinson's arguments on appeal merit relief, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/18