J-A21041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

DWAYNE HILL

Appellant

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
:
:
:
: No. 35 EDA 2018

Appeal from the PCRA Order Entered December 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0505682-1990

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED DECEMBER 04, 2018**

Dwayne Hill appeals from the dismissal as untimely of his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Hill contends that the PCRA court erred in denying his petition, which he styled as an "Amended Writ of *Habeas Corpus*." We affirm.

A jury convicted Hill of multiple crimes, including first-degree murder.[1] The trial court sentenced him to life imprisonment, and this Court affirmed the judgment of sentence. **Commonwealth v. Hill**, 628 A.2d 451 (Pa. Super. March 10, 1993) (unpublished memorandum). "On September 23, 1994, Hill filed his first PCRA petition and we affirmed the PCRA court's dismissal of the petition on November 14, 1997." **Commonwealth v. Hill**, 996 A.2d 8, No. 146 EDA 2009 n.1 (Pa.Super. February 17, 2010) (unpublished

---

[1] 18 Pa.C.S.A. § 2502(a).

memorandum). Hill subsequently filed a series of PCRA petitions all of which were dismissed. He filed the instant petition giving rise to this appeal on October 5, 2015. While Hill titled it as a "Petition for Writ of *Habeas Corpus*," the PCRA court treated it as a PCRA petition. Hill then filed an "Amended Writ of *Habeas Corpus*," on June 12, 2017, which the PCRA court treated as an amended PCRA petition. The PCRA court issued a notice of its intent to dismiss the PCRA petition without a hearing and later dismissed the petition on December 13, 2017. **See** Pa.R.Crim.P. 907. This timely appeal followed.

Hill raises one issue on appeal:

I.      Whether this Court should reverse and remand the PCRA court's denial of writ of *habeas corpus* relief, where (a) the PCRA court erred and/or abused its discretion when it *sua sponte* converted [Hill's] writ of *habeas corpus* into a PCRA; (b) the PCRA court erred and/or abused its discretion when it denied writ of *habeas corpus* relief; and, (c) the PCRA court erred and/or abused its discretion in failing to hold an evidentiary hearing on claims where [Hill] had raised genuine issues of material fact that entitled him to relief?

Hill's Br. at 1.

We do not address the merits of Hill's issues on appeal as his PCRA petition is untimely. **See Commonwealth v. Smith**, --- A.3d ---, 2018 WL 3490917 *4 (Pa.Super. July 20, 2018). A petitioner has one year from the date his or her judgment of sentence being final, to file a first or subsequent PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

After the one-year deadline, the petitioner must plead and prove one of the time-bar exceptions. These exceptions include: (1) the failure to raise the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A time-bar exception must be raised within 60 days from the time the claim could first have been raised. ***See Commonwealth v. Kretchmar***, --- A.3d ---, 2018 WL 2451945 *2 (Pa.Super. June 1, 2018) (citing 42 Pa.C.S.A. § 9545(b)(2)).

Here, Hill's judgment of sentence became final on April 9, 1993, when his time to file a petition for allowance of appeal to our Supreme Court expired. ***See*** Pa.R.A.P. § 1113(a); ***see also*** 42 Pa.C.S.A. § 9545(b)(3). Thus, he had one year from that date to file a timely petition. The instant petition filed over two decades after the deadline is patently untimely. Hill does not "escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*," and therefore the PCRA court lacked jurisdiction to consider the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013); ***see Commonwealth v. Albrecht***, 944 A.2d 1091, 1093 (Pa. 2010) (PCRA court lacks jurisdiction over untimely PCRA petition).

Hill fails to meet his burden to plead and prove at least one of the time-bar exceptions. **See Commonwealth v. Woods**, 179 A.3d 37, 42 (Pa.Super. 2017) (petitioner bears the burden of pleading and proving time-bar exception). His PCRA petition and his appellate brief avoids any discussion of untimeliness. As such, we are in agreement with the PCRA court's decision to dismiss the petition as untimely. **Id.** We therefore affirm the order of the PCRA court.

Order affirmed.

Judge Panella joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/18