J-S23045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                       :  PENNSYLVANIA

           v.                                    :

THOMAS P. RICHARD, SR.          :

          Appellant        :  No. 217 WDA 2019

Appeal from the PCRA Order Entered November 28, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003607-1999

BEFORE:  BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:               **FILED JUNE 04, 2019**

Appellant, Thomas P. Richard, Sr., appeals *pro se* from the order of the Court of Common Pleas of Westmoreland County that dismissed his seventh petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. We affirm.

In 2000, Appellant was convicted by a jury of rape, involuntary deviate sexual intercourse (IDSI), and related offenses arising out of his violent sexual assault on his eight-year-old daughter and was sentenced to an aggregate $25\frac{1}{2}$ to 51 years' incarceration. **See Commonwealth v. Richard**, No. 297 WDA 2005, unpublished memorandum at 1-3 (Pa. Super. filed March 13, 2006) (First PCRA Opinion); **Commonwealth v. Richard**, No. 66 WDA 2001, unpublished memorandum at 1-2 (Pa. Super. filed April 12, 2002) (Direct

_____

[1] 42 Pa.C.S. §§ 9541–9546.

_____

*  Retired Senior Judge assigned to the Superior Court.

Appeal Opinion). Appellant timely filed a direct appeal, and on April 12, 2002, this Court affirmed the judgment of sentence. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on August 27, 2002. *Commonwealth v. Richard*, 806 A.2d 860 (Pa. 2002).

Appellant filed a timely first PCRA petition on August 27, 2003, which the PCRA court denied following evidentiary hearings. Trial Court Docket Entries at 21-24. This Court affirmed the denial of that PCRA petition on March 13, 2006 and the Pennsylvania Supreme Court denied allowance of appeal on August 29, 2006. Between September 2006 and February 2016, Appellant filed four more unsuccessful PCRA petitions. Trial Court Docket Entries at 27-40; *Commonwealth v. Richard*, No. 327 WDA 2017, unpublished memorandum at 2 (Pa. Super. filed June 9, 2017) (Sixth PCRA Opinion). In March 2016, Appellant filed a sixth PCRA petition in which he alleged that his sentence was illegal because the mandatory minimum sentence statute that applied to his IDSI convictions was unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013). Sixth PCRA Opinion at 2, 5. The PCRA court dismissed that PCRA petition as untimely and on June 9, 2017, this Court affirmed. On November 1, 2017, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from the dismissal of his sixth PCRA petition.

On March 22, 2018, Appellant filed the instant, seventh PCRA petition. On November 28, 2018, the PCRA court dismissed this PCRA petition. This

timely appeal followed. In this appeal, Appellant presents the following question for this Court's review:

> Should 1 Pa. C.S.A. § 1925 operate and yield to the imperative of correcting Appellant's illegal sentence, imprisonment and conviction under the now declared void Mandatory Minimum Law to avoid a total miscarriage of justice; by "severing" the time-bar of Section 9545(b)(1)(i-iii), so as to authorize review and relief as CODIFIED by Section 9542's explicit language?

Appellant's Br. at 4 (emphasis added).

Initially, we must address whether the PCRA petition at issue in this appeal was timely filed. We conclude that it was not. The PCRA provides that

> [a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

This time limit is mandatory and jurisdictional, and a court may not ignore it and reach the merits of the petition, even where the convicted defendant claims that his sentence is illegal. **Commonwealth v. Fahy**, 737

A.2d 214, 223 (Pa. 1999); ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018); ***Commonwealth v. Woods***, 179 A.3d 37, 42-43 (Pa .Super. 2017).

Appellant's judgment of sentence became final on November 25, 2002, upon the expiration of the ninety day period to seek review with the United States Supreme Court after the denied of his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). The instant PCRA petition, filed more than 15 years after the judgment became final, is patently untimely unless Appellant alleges and proves one of the three limited exceptions set forth in Subsection 9545(b)(1)(i)-(iii). In addition, these exceptions can apply only if Appellant also shows that that his claim could not have been presented before December 24, 2017. 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, §§ 2-4.[2]

Appellant has not shown that any of the exceptions to the PCRA's one-year time limit apply to his seventh PCRA petition. The exceptions in Subsections (b)(1)(i) and (b)(1)(ii) do not apply because Appellant does not

---

[2] Subsection 9545(b)(2) provides that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). At the time that Appellant filed this PCRA petition, however, Subsection 9545(b)(2) required that such PCRA petitions be filed within 60 days of the date the claim could have been presented. Although application of that 60-day limit to this PCRA petition would bar claims that could have been presented before January 21, 2018, the Act amending Subsection 9545(b)(2) provided that the one-year period applies to claims arising on or after December 24, 2017. Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4. Therefore PCRA claims that could not have been presented before December 24, 2017 are not barred by Subsection 9545(b)(2) in this case.

allege any interference by government officials or that his PCRA claim is based on any newly discovered facts. Rather, he contends that his sentence must be reduced because the mandatory minimum sentence statute under which he was sentenced is unconstitutional under *Alleyne* and that the time limits of the PCRA cannot be enforced to bar him from raising this issue. Appellant's Br. at 6-12.

Such arguments are insufficient make Appellant's seventh PCRA petition timely. While his *Alleyne* claim is based on a constitutional right recognized more than one year after his judgment of sentence became final, Appellant cannot satisfy the requirements of Subsection (b)(1)(iii) because *Alleyne* has not been held by the United States Supreme Court or the Pennsylvania Supreme Court to apply retroactively to sentences on collateral review. 42 Pa.C.S. § 9545(b)(1)(iii). To the contrary, the Pennsylvania Supreme Court has held that *Alleyne* does not apply retroactively to collateral attacks on a convicted defendant's mandatory minimum sentence where the defendant had exhausted his direct appeal rights before *Alleyne* was decided. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). As was noted above, the claim that a sentence is illegal is not an exception to the PCRA's time limits. *Fahy*, 737 A.2d at 223; *Pew*, 189 A.3d at 488; *Woods*, 179 A.3d at 43.

Moreover, Appellant has not shown that his claim could not have been presented before December 24, 2017, as is required by Subsection 9545(b)(2). Appellant asserted an *Alleyne* illegality of sentence claim in his

sixth PCRA petition, filed in March 2016. Appellant cites no case in his brief in this appeal that was decided on or after December 24, 2017 and makes no reference to any event on or after December 24, 2017 on which he bases the seventh PCRA petition or that he contends now enables him to file the claim that it asserts.

Because this PCRA petition was untimely, we affirm the PCRA court's order dismissing Appellant's seventh PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/2019