J-S26044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   : PENNSYLVANIA
                                   :
            v.                        :
                                   :
                                 :
IRVING JEFFERSON                 :
                                 :
          Appellant           : No. 2882 EDA 2018

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1115001-1968

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:           **FILED JUNE 04, 2019**

Irving Jefferson (Jefferson) appeals *pro se* from the order entered by the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

We take the following relevant facts and procedural history from this Court's June 7, 2011 memorandum filed in one of Jefferson's previous appeals and our independent review of the record. A jury convicted Jefferson of first-degree murder, aggravated robbery, and carrying a concealed deadly weapon on February 28, 1970. The charges stemmed from the September 27, 1968 stabbing and subsequent death of the victim, William James Calhoun. Jefferson was 19 years old at the time of the offense. The trial court sentenced him to life in prison on the murder charge and a term of not less than five nor

_____

* Retired Senior Judge assigned to the Superior Court.

more than twenty years' incarceration on the robbery charge, with no further penalty for the weapons offense. Our Supreme Court affirmed the judgment of sentence on October 12, 1971. (*See Commonwealth v. Jefferson*, 281 A.2d 852 (Pa. 1971)). Jefferson's judgment of sentence became final on or about January 12, 1972, when his time to file a *writ of certiorari* with the United States Supreme Court expired. *See* U.S. S.Ct. R. 13.

Jefferson thereafter unsuccessfully litigated several PCRA petitions. He filed the instant *pro se* petition on May 14, 2012, and an amendment thereto on July 24, 2012, in which he argued a right to relief based on the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012).[1] After issuing notice of its intent to do so, the PCRA court dismissed the petition as untimely. *See* Pa.R.Crim.P. 907(1). This timely appeal followed.

Jefferson invokes the applicability of the newly-recognized constitutional right exception at Section 9545(b)(1)(iii) of the PCRA by arguing that his life sentence is unconstitutional under *Miller*. (*See* Amended PCRA Petition,

---

[1] In *Miller*, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. *See Miller*, *supra* at 465. In *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the Court determined that its *Miller* holding constituted a substantive rule of constitutional law that must be applied retroactively to cases on collateral review. *See Montgomery*, *supra* at 736.

7/24/12, at 1; Jefferson's Brief, at 6).[2] However, "[b]efore we can address the merits of the issues raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional. 42 Pa.C.S. § 9545(b)." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Id.* (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Jefferson's PCRA petition is patently untimely because he filed it more than 40 years after his judgment of sentence became final. Therefore, we have no jurisdiction to consider it unless he pled and proved one of the three limited exceptions to the PCRA's one-year time limitation set forth in Section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[2] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free of legal error. *See Commonwealth v. Bush*, 197 A.3d 285, 286–87 (Pa. Super. 2018).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see also Graves*, *supra* at 1186.

As previously noted, Jefferson argues that his life sentence is unconstitutional pursuant to *Miller*, thereby invoking the newly recognized and retroactively applied constitutional right exception. (*See* Jefferson's Brief, at 6). While Jefferson avers that he was 17 years old at the time of his offense, the documents attached to his PCRA petition reflect that he was instead 19. (*See* Amended PCRA petition at 3, Exhibits A-B (listing date of birth as October 30, 1949); *see also* PCRA Court Opinion, 10/02/18, at 1).

Our case law is clear that "the *Miller* decision applies to only those defendants who were under the age of 18 at the time of their crimes." *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted).

> This Court has determined that a petitioner who was not a juvenile at the time of his crime may not invoke *Miller* and *Montgomery* to establish an exception to the PCRA's time-bar. In *Furgess*, this Court . . . held that petitioners who were older than eighteen at the time they committed murder are not within the ambit of the *Miller* decision and, therefore, may not rely on that case to satisfy the time-bar exception set forth in Section 9545(b)(1)(iii). *See Furgess*, at 94. In *Commonwealth v. Woods*, 179 A.3d 37, 44 (Pa. Super. 2017) this Court further found *Miller* to be inapplicable where the appellant was eighteen years, thirty-six days old when he committed murder. *See also Commonwealth v. Rodriguez*, 174 A.3d 1130 (Pa. Super. 2017) ("Appellant acknowledges that he was eighteen years old at the time he committed the murder; however, he argues, nevertheless, that he may invoke *Miller* because his immature

and/or impulsive brain made him similar to a juvenile. Thus, Appellant seeks an extension of **Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding. However, this Court previously has rejected such an argument.") (citation omitted).

***Commonwealth v. Pew***, 189 A.3d 486, 490–91 (Pa. Super. 2018), *appeal denied*, 200 A.3d 939 (Pa. 2019) (one case citation omitted; case citation formatting provided).

Jefferson, as an adult offender, falls outside the ambit of **Miller**, and his arguments predicated on that decision fail. Because Jefferson's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/19

- 5 -