J-S05002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAMETT DIAZ | : | |
| | : | |
| Appellant | : | No. 2076 EDA 2025 |
| | : | |

Appeal from the PCRA Order Entered July 22, 2025
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000396-2014

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED APRIL 7, 2026**

Hamett Diaz appeals from the order entered on July 22, 2025, denying his "Motion for an Order Granting Resentencing." Diaz asserts the trial court erred in concluding his motion was an untimely Post-Conviction Relief Act ("PCRA") petition.[1] After careful review, we affirm.

Based upon our decision, a thorough review of the facts is unnecessary.[2] Briefly, Diaz was convicted of rape of an unconscious person, aggravated indecent assault, sexual assault, unlawful contract with minor, corruption of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] A prior panel of this Court set forth a detailed factual history in **Commonwealth v. Diaz**, 237 A.3d 436 (Pa. Super. filed May 7, 2020) (unpublished memorandum).

minors, and endangering welfare of children after he provided alcohol to his step-daughter's 17-year-old friend and, when the victim started slipping in and out of consciousness, Diaz sexually assaulted her.[3] The trial court sentenced Diaz to a mandatory minimum second-strike sentence on the rape conviction based upon Diaz's prior federal conviction.[4] However, this Court found Diaz's prior federal conviction did not trigger the second-strike law and vacated his sentence. **See Commonwealth v. Diaz**, 152 A.3d 1040, 1052 (Pa. Super. 2016).

The trial court resentenced Diaz on September 8, 2017, to an aggregate sentence of 140 months to 280 months of incarceration. Diaz did not file a direct appeal. Diaz filed a timely PCRA petition on September 15, 2018. After a hearing, the PCRA court denied the petition and this Court affirmed. **See Commonwealth v. Diaz**, 237 A.3d 436 (Pa. Super. filed May 7, 2020) (unpublished memorandum).

Diaz filed the instant "Motion for an Order Granting Resentencing" on June 20, 2025. The court denied the motion as untimely on July 22, 2025.[5]

_____

[3] 18 Pa.C.S.A. §§ 3121(a)(3), 3125(a)(1), 3124.1, 6318(a)(1), 6301(a)(1)(ii), and 4304(a)(1), respectively.

[4] **See** 42 Pa.C.S.A. § 9714(a)(2) (often referred to as the second-strike law).

[5] It is unclear from the order itself whether this order denied the motion as an untimely post-sentence motion or untimely PCRA petition. However, it is clear in the court's Rule 1925(a) opinion that it treated it as an untimely PCRA petition. **See** Trial Court Opinion, 9/30/25, at 1-2 (pagination added for ease of reference).

Diaz filed a notice of appeal and complied with the court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The court authored its opinion pursuant to Rule 1925(a) on September 30, 2025. *See* Pa.R.A.P. 1925(a).

Diaz raises one question for our review:

> Did the Court of Common Pleas err in denying [Diaz's] motion for an order granting resentencing given the sentence court's impermissible fact-finding in determining the sentence, violating [Diaz's] constitutional rights?

Appellant's Brief, at 1.

Before we address the merits of Diaz's claim, we must determine if we have jurisdiction over his appeal. Diaz argues his sentence is illegal and asserts the court has authority to correct the illegality at any time. *See* Appellant's Brief, at 9. This statement is only partially correct: a court may correct an illegal sentence at any time, provided it has jurisdiction to do so. *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011). "[A] challenge to the legality of one's sentence does not allow him to evade the PCRA's timeliness requirements." *Commonwealth v. Woods*, 179 A.3d 37, 43 (Pa. Super. 2017).

The PCRA timeliness requirements are jurisdictional in nature and neither the trial court nor this Court has jurisdiction to address the merits of an untimely PCRA petition. *See id.* at 42. A PCRA petition must be filed within one year of the date upon which the judgment of sentence becomes final, unless one of the three statutory exceptions applies. *See* 42 Pa.C.S.A. §§ 9545(b).

Diaz was resentenced on September 8, 2017. Therefore, his judgment of sentence became final on October 8, 2017, and a timely PCRA petition was due on or before October 8, 2018. **See** 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (providing an appeal shall be filed within 30 days after entry of the order appealed from). The instant petition filed on June 20, 2025, is patently untimely. Diaz does not claim he meets any of the timeliness exceptions. We therefore affirm the order of the PCRA court denying the petition as untimely filed.[6]

Order affirmed. Application to Quash denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2026

---

[6] The Commonwealth filed an application to quash this appeal arguing that the motion was an untimely post-sentence motion pursuant to Pa.R.Crim.P. 720(A). Because we find the motion was correctly treated as an untimely PCRA petition and affirm the order denying the motion, we deny this application as moot. **See Commonwealth v. Taylor**, 65 A.3d 462, 467 (Pa. Super. 2013) ("an untimely post-sentence motion filed after finality of judgment is to be treated as a PCRA petition.").