J-S62026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
CHADD STEVENS :
:
Appellant : No. 3628 EDA 2017

Appeal from the PCRA Order Entered October 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002907-2011,
CP-51-CR-0015442-2008

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 04, 2019**

Chadd Stevens appeals the dismissal as untimely of his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Stevens maintains the PCRA court should have corrected his sentence to reflect credit for his time served while incarcerated. We affirm.

On July 18, 2013, the trial court imposed a sentence of two and one-half to five years' incarceration, after Stevens pled guilty to a number of sex crimes. He did not file a post-sentence motion and did not seek appellate review of his sentence. On April 4, 2017, Stevens filed his first *pro se* PCRA petition. The PCRA court appointed counsel, who filed a ***Finley***[1] letter, maintaining that the petition was meritless because it was untimely. Counsel also filed a motion to withdraw as counsel. The PCRA court dismissed the PCRA

---

[1] ***Commonwealth v. Finley***, 550 A.2d 213, 215 (Pa.Super. 1988) (*en banc*).

petition and granted counsel's motion to withdraw. This timely appeal followed.

On appeal, Stevens presents the following issue:

Whether the sentencing court erred as a matter of law when failing to invoke it[]s inherent power to correct patent and obvious errors concerning [Stevens] sentence, considering the fact that the sentencing court failed to award [Stevens] time credit on his new sentence for his incarceration from his arrest date until his hearing on the new charge and violation of probation, in which at that time [Stevens] pled guilty[?]

Stevens' Br. at 3.

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We do not reach the merits of Stevens' issue because we agree with the PCRA court that Stevens' petition was untimely. **See Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) ("PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition"). A timely PCRA petition is one that has been filed within one year of the date the judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

- 2 -

expiration of time for seeking the review." ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

A petitioner who files a PCRA petition after the one-year deadline must plead and prove at least one of three time-bar exceptions. These exceptions are: (1) the failure to raise the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or Pennsylvania Supreme Court has held to apply retroactively. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must raise a time-bar exception within 60 days from the date the claim could have first been raised. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, Stevens' judgment of sentence became final on August 19, 2013.[2] Therefore, he had until August 19, 2014, to file a timely PCRA petition. Thus, the instant petition, filed two years after the one year time-bar, is patently untimely and the PCRA court lacked jurisdiction to consider the petition unless Stevens pled and proved at least one of the time-bar exceptions. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093-94 (Pa. 2010); ***see also***

---

[2] The 30 day deadline to appeal to our Court fell on a Saturday, August 17, 2013. ***See*** Pa.R.A.P. 903(a); ***see also*** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

***Commonwealth v. Woods***, 179 A.3d 37, 43 (Pa.Super. 2017) (stating petitioner bears burden of pleading and proving time-bar exception).

Stevens failed to plead and prove any of the time-bar exceptions in his PCRA petition; he does not even claim an exception in his appellate brief. The PCRA court's determination "is supported by evidence of record" and "is free of legal error." We therefore do not address the merits of Stevens' claim and affirm the order of the PCRA court. ***See Smith***, 194 A.3d at 132.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/19

- 4 -