J-S82030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ADRIAN MCCALL | : | |
| | : | |
| Appellant | : | No. 1967 EDA 2017 |

Appeal from the PCRA Order June 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006747-2012

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 14, 2019**

Appellant, Adrian McCall, appeals *pro se* from the June 15, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 16, 2014, the trial court sentenced Appellant to an aggregate term of 25½ to 52 years' imprisonment following his convictions for third-degree murder,[1] possession of a firearm by a prohibited person,[2] and possessing an instrument of crime.[3]  On April 10, 2015, this Court affirmed. ***Commonwealth v. McCall***, 121 A.3d 1126, 2015 WL 7300557 (Pa. Super.

_____

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] 18 Pa.C.S.A. § 907(a).

_____

*   Retired Senior Judge assigned to the Superior Court.

2015) (unpublished memorandum). Appellant did not seek allocatur from our Supreme Court.

On May 26, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On May 11, 2017, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. On June 15, 2017, the PCRA court dismissed the petition. This timely appeal followed.[4]

Appellant presents three issues for our review:

1. Whether the [PCRA court erred] by dismissing [Appellant's PCRA petition as untimely?

2. Whether trial counsel rendered ineffective assistance?

3. Whether Appellant received an illegal sentence?]

Appellant's Brief at 5.[5]

In his first issue, Appellant argues that the PCRA court erred in dismissing his petition as untimely. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc)*, *appeal denied*,

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. During the pendency of this appeal, this Court remanded the case to the PCRA court for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). At that hearing, Appellant knowingly, intelligently, and voluntarily waived his right to counsel for this appeal.

[5] We have combined two of Appellant's issues and re-numbered the issues for ease of disposition.

190 A.3d 1134 (Pa. 2018) (cleaned up). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on May 11, 2015, at the expiration of the time for seeking review by the Supreme Court of Pennsylvania. Appellant's petition was filed over one year later. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant failed to plead that he satisfied any of the statutory exceptions to the PCRA's one-year time bar. In his amended PCRA petition, Appellant averred that his petition was timely. Appellant's Amended PCRA Petition, 3/16/17, at 3. Failure to plead the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). As Appellant did not plead the applicability of a timeliness exception in his amended petition, the PCRA court properly held that it lacked jurisdiction to reach the merits of the petition.[6] As the PCRA court lacked jurisdiction to consider the merits of the petition, we do not address Appellant's remaining claims of error. *See Commonwealth v. Woods*, 179 A.3d 37, 43 (Pa. Super. 2017) (an illegal sentencing claim is insufficient to confer jurisdiction over an

---

[6] In his brief, Appellant argues that he satisfied the statutory timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant's Brief at 6. As this Court has held, however, "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008) (citation omitted).

untimely PCRA petition); ***Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013) (an ineffective assistance of counsel claim is insufficient to confer jurisdiction over an untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/19