J-S34036-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM BROWN | : | |
| | : | |
| Appellant | : | No. 85 WDA 2019 |

Appeal from the PCRA Order Entered December 27, 2018
In the Court of Common Pleas of Indiana County Criminal Division at
No(s):  CP-32-CR-0000451-2010

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          FILED JULY 2, 2019

Appellant, William Brown, appeals pro se from the order of the Court of Common Pleas of Indiana County that dismissed his petition filed under the Post Conviction Relief Act (PCRA)[1] as untimely without a hearing.  We affirm.

On February 28, 2010, Appellant, who was incarcerated in the Restricted Housing Unit at a State Correctional Institution at the time, cut his cellmate with a razor and strangled him to death in a fight.  Trial Court Opinion, 7/1/11 at 1-2; PCRA Court Opinion, 4/8/14, at 1.  At the time of the murder, Appellant was 19 years old.  Appellant was convicted by a jury on December 9, 2010, of first-degree murder and aggravated assault and was sentenced on March 11, 2011 to life imprisonment without parole.

_____

[1] 42 Pa.C.S. §§ 9541–9546.

*   Retired Senior Judge assigned to the Superior Court.

On February 6, 2012, this Court affirmed the judgment of sentence. Commonwealth v. Brown, 46 A.3d 807 (Pa. Super. 2012) (unpublished memorandum). The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on September 17, 2012. Commonwealth v. Brown, 53 A.3d 756 (Pa. 2012). Appellant filed a timely first PCRA petition on May 16, 2013, which the PCRA court denied following an evidentiary hearing. This Court affirmed the denial of that PCRA petition on February 10, 2015, and the Pennsylvania Supreme Court denied allowance of appeal on July 28, 2015. Commonwealth v. Brown, W., 120 A.3d 377 (Pa. Super.) (unpublished memorandum), appeal denied, 121 A.3d 493 (Pa. 2015).

On July 19, 2018, Appellant filed the instant, pro se second PCRA petition asserting that his sentence of life imprisonment without parole was unconstitutional under the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012), and the Equal Protection Clause, because the rationale on which Miller held that mandatory sentences of life without parole are unconstitutional for defendants under the age of 18 is equally applicable to him. In the PCRA petition, Appellant asserted that he satisfied exceptions to the PCRA's time limits because he learned in June 2018 of a decision, Cruz v. United States, C.A. No. 11-CV-787 (JCH), 2018 WL 1541898 (D. Conn. filed March 29, 2018), that held that Miller applied to a defendant who was already 18 at the time of his crime. PCRA Petition at 3-4 & attachments.

On July 30, 2018, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing on the ground that it was untimely. The PCRA court extended Appellant's time to respond to this notice until October 19, 2018 and Appellant filed a response on September 21, 2018 in which he argued at length his contention that Miller should be held to apply to a 19-year-old defendant and asserted that his PCRA petition was timely based on the Cruz decision. On December 27, 2018, the PCRA court dismissed Appellant's PCRA petition as untimely. Appellant timely appealed this order to this Court.

Appellant argues that the trial court erred in dismissing his PCRA petition as untimely because his sentence of life imprisonment without parole is allegedly unconstitutional under Miller. This argument is without merit.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 3 -

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Id. The PCRA's time limit is mandatory and jurisdictional, and a court may not ignore it and reach the merits of the PCRA petition, even where the convicted defendant claims that his sentence is unconstitutional and illegal. Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999); Commonwealth v. Lee, 206 A.3d 1, 6, 11 (Pa. Super. 2019) (en banc); Commonwealth v. Pew, 189 A.3d 486, 488 (Pa. Super. 2018); Commonwealth v. Woods, 179 A.3d 37, 42-43 (Pa. Super. 2017).

Appellant's judgment of sentence became final on December 17, 2012 upon the expiration of the ninety-day period to seek review with the United States Supreme Court after the denial of his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). His time limit for filing any PCRA petition was therefore December 17, 2013. The instant PCRA petition, filed more than four years beyond that deadline, is patently untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii).

Appellant did not show that his PCRA petition was timely under any of these exceptions. Appellant's PCRA petition asserted a claim that his sentence of life imprisonment without parole was unconstitutional under a new constitutional right established by Miller. Section 9545(b)(1)(iii)'s exception for newly recognized constitutional rights, however, applies only where the defendant is entitled to relief under the holding of a United States or

Pennsylvania Supreme Court decision. 42 Pa.C.S. § 9545(b)(1)(iii); Lee, 206 A.3d at 10-11; Commonwealth v. Furgess, 149 A.3d 90, 93-94 (Pa. Super. 2016). While Miller recognized a new constitutional right and that right was held retroactive in Montgomery v. Louisiana, 136 S.Ct. 718 (2016), those decisions and the decisions of our Supreme Court have held only that that mandatory life imprisonment without parole is unconstitutional where the defendant was under the age of 18 at the time of the crime. Montgomery v. Louisiana, 136 S.Ct. at 725, 736 (defendant was 17 years old); Miller, 567 U.S. at 465 (defendants were 14 years old, Court stated its holding as "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"); Commonwealth v. Machicote, 206 A.3d 1110, 1112 (Pa. 2019) (defendant was 17 years old); Commonwealth v. Batts, 163 A.3d 410, 415 (Pa. 2017) (defendant was 14 years old). Because Appellant was 19 when he killed the victim, he is not entitled to relief under Miller or any other decision of the United States or Pennsylvania Supreme Court and cannot satisfy Section 9545(b)(1)(iii)'s timeliness exception.

Rather, Appellant's claim is that Miller must be extended to 19-year-old defendants based on its rationale and because failure to extend the decision would violate the Equal Protection Clause. Such arguments that a decision of the United States or Pennsylvania Supreme Court must be extended to an additional group of defendants, however, do not satisfy the requirements of Section 9545(b)(1)(iii) of the PCRA. Lee, 206 A.3d at 7-11;

Commonwealth v. Montgomery, 181 A.3d 359, 366-67 (Pa. Super. 2018) (en banc); Furgess, 149 A.3d at 94. Indeed, this Court has repeatedly held that claims indistinguishable from those asserted in Appellant's PCRA petition do not satisfy any exceptions to PCRA's one-year time limit. See, e.g., Lee, 206 A.3d at 7-11 (18-year-old defendant's PCRA petition based on Miller and its rationale dismissed as untimely); Pew, 189 A.3d at 490-91 (18-year-old defendant's PCRA petition based on Miller dismissed as untimely); Commonwealth v. Montgomery, 181 A.3d at 366-67 (22-year-old defendant's PCRA petition based on Miller and Equal Protection Clause dismissed as untimely); Woods, 179 A.3d at 43-44 (18-year-old defendant's claim under Miller dismissed as untimely); Furgess, 149 A.3d at 94 (19-year-old defendant's PCRA petition based on Miller and claim that "he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development" dismissed as untimely).

Appellant argues that Cruz and People v. House, 72 N.E.3d 357 (Ill. App. 2015), vacated, 111 N.E.3d 940 (Ill. 2018), have held that Miller applies to defendants over the age of 18. Such decisions, however, cannot make his PCRA petition timely. The PCRA allows a timeliness exception only for rights "recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania." 42 Pa.C.S. § 9545(b)(1)(iii). Decisions of lower federal courts and other state courts, not adopted by the United States Supreme Court or our Supreme Court, therefore cannot give this Court or a PCRA court jurisdiction over an untimely PCRA petition. Not only have these

decisions not been adopted by either the United States or Pennsylvania Supreme Court, our Supreme Court has specifically declined to follow House and declined to apply Miller to defendants who were 18 or older. See Commonwealth v. Towles, __ A.3d __, __, No. 769 CAP, slip op. at 33-34 (Pa. filed May 31, 2019) (rejecting argument that death sentence for 20-year-old was unconstitutional under Miller and Roper v. Simmons, 543 U.S. 551 (2005)).[2]

Appellant also argues that his PCRA petition is timely under the Section 9545(b)(1)(ii) for petitions based on newly discovered facts. This argument fails for two reasons. First, the issue raised in the PCRA petition is not a claim for relief based on new facts concerning his case. Instead, it is claim that his sentence is unconstitutional based on court decisions interpreting the Eighth Amendment. As such, the only potentially applicable exception to the PCRA's time limits is the exception for newly recognized constitutional rights, Section 9545(b)(1)(iii), which he cannot satisfy, and the exception for newly discovered facts has no applicability to this PCRA petition.

Moreover, even if Section 9545(b)(1)(ii) were relevant, the PCRA petition would still be untimely because the alleged facts are not new. In addition to satisfying the requirements of an exception under Sections 9545(b)(1)(i)-(iii), the convicted defendant must show that he filed the PCRA

---

[2] Moreover, the House opinion is no longer good law, even in the state where it was decided, with respect to defendants such as Appellant, who actually committed a killing. See People v. Harris, 120 N.E.3d 900, 914 (Ill. 2018).

petition within the time limit for these exceptions set by Section 9545(b)(2) of the PCRA. Lee, 206 A.3d at 6; Commonwealth v. Sanchez, 204 A.3d 524, 526-27 (Pa. Super. 2019).

At the time that Appellant filed this PCRA petition in July 2018, Section 9545(b)(2) required that a PCRA petition invoking an exception "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (in effect January 16, 1996 to December 23, 2018). While Appellant's PCRA petition was pending, Section 9545(b)(2) was amended to provide that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. The Act amending Section 9545(b)(2) provided that the one-year period applies to claims arising on or after December 24, 2017. Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4. Appellant therefore was required to show that his claim of newly discovered facts could not have been presented before December 24, 2017.

The alleged newly discovered facts asserted by Appellant are scientific studies concerning brain development that conclude that the period of immature judgment and adolescence includes 19-year-olds. PCRA Petition at 3. The scientific studies that Appellant references, however, were in existence long before December 2017. See Appellant's Brief at 23-25. Appellant's attempted invocation of the exception for newly discovered facts would therefore be barred by Section 9545(b)(2) of the PCRA.

Because Appellant's PCRA petition was untimely, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/2/2019