J-S38036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR EDWARDS | : | |
| | : | |
| Appellant | : | No. 312 EDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0209372-1995

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 06, 2019**

Appellant, Omar Edwards, appeals *pro se* from the order of the Court of Common Pleas of Philadelphia County that dismissed his fourth petition filed under the Post Conviction Relief Act (PCRA)[1] as untimely.  We affirm.

Appellant was convicted by a jury on June 13, 1996 of first-degree murder[2] for killing a man in a drive-by shooting on October 28, 1994.  At the time that he committed this crime, Appellant was 19 years old.  On January 27, 1997, the court sentenced Appellant to life imprisonment without parole for this murder conviction.

Appellant filed a direct appeal in February of 1997.  A panel of this Court dismissed the appeal on January 8, 1998, and Appellant did not seek

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. § 2502(a).

---

*   Retired Senior Judge assigned to the Superior Court.

allowance of appeal in the Supreme Court of Pennsylvania. Appellant filed a timely first PCRA petition on October 7, 1998, which was denied by the PCRA court. This Court affirmed the denial of that first PCRA petition on September 11, 2000 and the Pennsylvania Supreme Court denied allowance of appeal on February 6, 2001. In 2002 and 2015, Appellant filed two more unsuccessful PCRA petitions.

On February 26, 2016, Appellant filed the instant, *pro se* fourth PCRA petition asserting that his sentence of life imprisonment without parole is unconstitutional under the United States Supreme Court's decision in ***Miller v. Alabama***, 567 U.S. 460 (2012), and the Equal Protection Clause, because the rationale on which ***Miller*** held that mandatory sentences of life without parole are unconstitutional for defendants under the age of 18 is equally applicable to him. In the PCRA petition, Appellant asserted that he satisfied exceptions to the PCRA's time limits because ***Miller*** was held retroactive by the United States Supreme Court in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), on January 25, 2016.

On September 17, 2018, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing on the ground that it was untimely.[3] Appellant submitted a letter in response to the notice in which he argued the merits of the PCRA petition and requested

---

[3] Neither Appellant nor the Commonwealth explains why no action was taken with respect to the PCRA petition for over two years.

a hearing. On January 2, 2019, the PCRA court dismissed Appellant's PCRA petition without a hearing. Appellant timely appealed this order to this Court.

Appellant argues that the trial court erred in dismissing his PCRA petition as untimely because his sentence of life imprisonment without parole is allegedly unconstitutional under *Miller*. This argument is without merit.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* The PCRA's time limit is mandatory and jurisdictional, and a court may not ignore it and reach the merits of the PCRA petition, even where the convicted defendant claims that his sentence is unconstitutional and illegal. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *Commonwealth v. Lee*, 206 A.3d 1, 6, 11 (Pa. Super. 2019) (*en banc*); *Commonwealth v.*

*Pew*, 189 A.3d 486, 488 (Pa. Super. 2018); *Commonwealth v. Woods*, 179 A.3d 37, 42-43 (Pa. Super. 2017).

Appellant's judgment of sentence became final on February 9, 1998, upon the expiration of the thirty-day period within which to file a petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3). His time limit for filing any PCRA petition was therefore February 9, 1999. The instant PCRA petition, filed more than 17 years beyond that deadline, is patently untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii).

Appellant did not show that his PCRA petition was timely under any of these exceptions. Appellant's PCRA petition asserted a claim that his sentence of life imprisonment without parole was unconstitutional under a new constitutional right established by *Miller*. Section 9545(b)(1)(iii)'s exception for newly recognized constitutional rights, however, applies only where the defendant is entitled to relief under the holding of a United States or Pennsylvania Supreme Court decision. 42 Pa.C.S. § 9545(b)(1)(iii); *Lee*, 206 A.3d at 10-11; *Commonwealth v. Furgess*, 149 A.3d 90, 93-94 (Pa. Super. 2016). While *Miller* recognized a new constitutional right and that right was ruled retroactive by the United States Supreme Court in *Montgomery v. Louisiana*, 136 S.Ct. at 732-37, those decisions and the decisions of our Supreme Court have held only that mandatory life imprisonment without parole is unconstitutional where the defendant was under the age of 18 at the time of the crime. *Montgomery v. Louisiana*, 136 S.Ct. at 725, 736

(defendant was 17 years old); ***Miller***, 567 U.S. at 465 (defendants were 14 years old, Court stated its holding as "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"); ***Commonwealth v. Machicote***, 206 A.3d 1110, 1112 (Pa. 2019) (defendant was 17 years old); ***Commonwealth v. Batts***, 163 A.3d 410, 415 (Pa. 2017) (defendant was 14 years old). Indeed, our Supreme Court has specifically declined to apply ***Miller*** to defendants who were 18 or older. ***See Commonwealth v. Towles***, 208 A.3d 988, 1008-09 (Pa. 2019) (rejecting argument that death sentence for 20-year-old was unconstitutional under ***Miller*** and ***Roper v. Simmons***, 543 U.S. 551 (2005)). Because Appellant was 19 when he killed the victim, he is not entitled to relief under ***Miller*** or any other decision of the United States or Pennsylvania Supreme Court and cannot satisfy Section 9545(b)(1)(iii)'s timeliness exception.

Rather, Appellant's claim is that ***Miller*** must be extended to 19-year-old defendants based on its rationale and because failure to extend the decision would violate the Equal Protection Clause. Such arguments that a decision of the United States or Pennsylvania Supreme Court must be extended to an additional group of defendants, however, do not satisfy the requirements of Section 9545(b)(1)(iii) of the PCRA. ***Lee***, 206 A.3d at 7-11; ***Commonwealth v. Montgomery***, 181 A.3d 359, 366-67 (Pa. Super. 2018) (*en banc*); ***Furgess***, 149 A.3d at 94. This Court has repeatedly held that claims indistinguishable from those asserted in Appellant's PCRA petition do

- 5 -

not satisfy any exceptions to PCRA's one-year time limit.  *See, e.g.*, *Lee*, 206 A.3d at 7-11 (18-year-old defendant's PCRA petition based on *Miller* and its rationale dismissed as untimely); *Pew*, 189 A.3d at 490-91 (18-year-old defendant's PCRA petition based on *Miller* dismissed as untimely); *Commonwealth v. Montgomery*, 181 A.3d at 366-67 (22-year-old defendant's PCRA petition based on *Miller* and Equal Protection Clause dismissed as untimely); *Woods*, 179 A.3d at 43-44 (18-year-old defendant's claim under *Miller* dismissed as untimely); *Furgess*, 149 A.3d at 94 (19-year-old defendant's PCRA petition based on *Miller* and claim that "he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development" dismissed as untimely).

To the extent that Appellant has also asserted that his PCRA petition is timely under the Section 9545(b)(1)(ii) for petitions based on newly discovered facts, *see* PCRA Petition at 1 ¶2; Appellant's Brief at 7, this argument likewise fails.  The issue raised that Appellant raised in the PCRA petition was a claim that his sentence is unconstitutional based the United States Supreme Court's *Miller* decision.  Judicial decisions do not constitute new facts for purposes of Section 9545(b)(1)(ii).  *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011); *Commonwealth v. Kretchmar*, 189 A.3d 459, 467 (Pa. Super. 2018).  The only potentially applicable exception to the PCRA's time limits is thus the exception for newly recognized constitutional rights, Section 9545(b)(1)(iii), which he cannot satisfy, and the exception for newly discovered facts has no applicability to this PCRA petition.

Moreover, even if Section 9545(b)(1)(ii) were relevant, the PCRA petition would still be untimely because the alleged facts are not new. In addition to satisfying the requirements of an exception under Sections 9545(b)(1)(i)-(iii), the convicted defendant must show that he filed the PCRA petition within the time limit for these exceptions set by Section 9545(b)(2) of the PCRA. *Lee*, 206 A.3d at 6; *Commonwealth v. Sanchez*, 204 A.3d 524, 526-27 (Pa. Super. 2019). At the time that Appellant filed this PCRA petition in February 2016, Section 9545(b)(2) required that a PCRA petition invoking an exception "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (in effect January 16, 1996 to December 23, 2018).[4]

The only alleged facts asserted by Appellant are scientific studies concerning brain development on which *Miller*, *Montgomery v. Louisiana*, *Graham v. Florida*, 560 U.S. 48 (2010), and *Roper*, were based. Appellant's Brief at 7-9. Those scientific studies were in existence and referenced in the *Miller*, *Graham*, and *Roper* decisions issued in 2012, 2010, and 2005, years before Appellant filed this PCRA Petition in 2016.[5] Appellant's attempted

_____

[4] While Appellant's PCRA petition was pending, Section 9545(b)(2) was amended to provide that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. This amendment has no applicability here, as it applies only to claims arising on or after December 24, 2017, Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4, over a year after this PCRA petition was filed.

[5] Although *Montgomery v. Louisiana* was issued less than 60 days before Appellant's PCRA Petition, it does not cite any scientific studies.

invocation of the exception for newly discovered facts would therefore be barred by Section 9545(b)(2) of the PCRA.

Because Appellant's PCRA petition was untimely, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judge Ott joins in the memorandum.

Judge Dubow concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/19