J-S42038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL EADDY | : | |
| | : | |
| Appellant | : | No. 2399 EDA 2018 |

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001918-2010,
CP-51-CR-0006203-2014, CP-51-CR-0009727-2011

BEFORE: OTT, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                              Filed: August 25, 2020

Appellant, Samuel Eaddy, appeals from orders of Court of Common Pleas of Philadelphia County (trial court) in three criminal proceedings that dismissed his petitions for relief pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.

The PCRA petitions here sought relief from violation of probation sentences imposed in two separate criminal cases, CP-51-CR-0001918-2010 (CR-1918-2010) and CP-51-CR-0009727-2011 (CR-9727-2011), that were imposed following his negotiated guilty plea in a third case, CP-51-CR-0006203-2014 (CR-6203-2014), and from the sentence in that third case.

---

[1] 42 Pa.C.S. §§ 9541–9546.

---

* Retired Senior Judge assigned to the Superior Court.

In CR-1918-2010, Appellant entered a negotiated guilty plea on October 22, 2010 to burglary,[2] graded as a second-degree felony, and was sentenced to $11^1/_2$ months to 23 months of incarceration followed by 3 years of probation. Appellant was paroled immediately following this plea and sentence. In CR-9727-2011, Appellant entered a negotiated guilty plea to second-degree felony burglary, possession of an instrument of crime, and resisting arrest, and was sentenced on November 14, 2011 to $1^1/_2$ years to 3 years of incarceration and 2 years of probation on the burglary conviction. No further penalty was imposed for the possession of an instrument of crime and resisting arrest convictions. Appellant committed the burglary for which he was convicted in CR-9727-2011 on May 3, 2011, while he was still on parole in CR-1918-2010. As a result of the conviction in CR-9727-2011, the trial court on November 14, 2011 sentenced Appellant in CR-1918-2010 to confinement for the remainder of his backtime and 3 years of probation.

On April 12, 2014, Appellant committed a third burglary. On June 8, 2015, Appellant entered a negotiated guilty plea with respect to this burglary in CR-6203-2014, in which he pleaded guilty to first-degree felony burglary and was sentenced to 6 to 18 years' imprisonment. Based on Appellant's guilty plea in CR-6203-2014, the trial court on June 8, 2015 revoked Appellant's probation and sentenced him for violation of probation in CR-1918-

---

[2] 18 Pa.C.S. § 3502(a).

2010 and CR-9727-2011. In both cases, the trial court imposed sentences of 3 to 6 years of incarceration and ordered that these sentences were to run concurrently with respect to each other, but that they were to run consecutively to Appellant's 6-to-18 year sentence in CR-6203-2014. CR-1918-2010 Probation Violation Order, 6/8/15; CR-9727-2011 Probation Violation Order, 6/8/15; N.T., 6/8/15, at 24.

Appellant filed no post-sentence motion or appeals from any of the June 8, 2015 judgments of sentence. On April 14, 2016, Appellant filed a *pro se* PCRA petition in CR-6203-2014. Appellant did not, however, file any PCRA petition in CR-1918-2010 or CR-9727-2011 at that time. CR-1918-2010 Docket Entries; CR-9727-2011 Docket Entries. On August 8, 2016, counsel was appointed to represent Appellant with respect to his PCRA petition in CR-6203-2014. PCRA counsel filed an amended PCRA petition in CR-6203-2014 on July 30, 2017. On August 1, 2017, PCRA counsel filed PCRA petitions on Appellant's behalf in CR-1918-2010 and CR-9727-2011 and filed amended PCRA petitions in both of those cases on August 2, 2017.

In all three amended PCRA petitions, Appellant asserted claims that trial counsel was ineffective for failing to order a mental health evaluation prior to sentencing and for failing to file requested post-sentence motions and direct appeals. On May 11, 2018, the trial court held a hearing on the PCRA petitions at which Appellant and his trial counsel testified. On August 7, 2018, the trial court entered orders in all three cases dismissing the PCRA petitions. The trial

court held that it lacked jurisdiction over the PCRA petitions in CR-1918-2010 and CR-9727-2011 because they were not filed within the PCRA's one-year time limit. Trial Court Order, 8/7/18 at 2 n.2. With respect to the PCRA petition in CR-6203-2014, the trial court found that Appellant did not request that trial counsel file any post-sentence motions or appeals and that he did not show that he was prejudiced by trial counsel's failure to order a mental health evaluation. *Id.* at 3; Trial Court Opinion, 11/2/18, at 4-6.

On August 13, 2018, Appellant filed timely appeals from the dismissal of the PCRA petitions in all three cases.[3] Appellant presents one issue for our review in all three appeals:

_____

[3] Under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), an appellant is required to file a separate notice of appeal in each trial court docket that he intends to appeal and where only a single notice of appeal is filed, the appeal must be quashed. Although Appellant included all three docket numbers on each of his notices of appeal, the record is clear that Appellant complied with this requirement by filing a separate notice of appeal in each docket, as each of the notices of appeal has a different time stamp and there are separate confirmations of e-filing for each docket, each of which shows a different time of filing. CR-1918-2010 Notice of Appeal; CR-9727-2011 Notice of Appeal; CR-6203-2014 Notice of Appeal; Response to Rule to Show Cause Ex. B. While these appeals were pending, a three-judge panel of this Court filed a published opinion in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), holding that the listing of multiple docket numbers in a notice of appeal does not comply with the requirement of separate appeals and requires that the appeals be quashed even if the notices of appeal are filed in the records of each case. *Id.* at 1144. Shortly thereafter, the Court granted *en banc* review to decide whether **Walker** permits only one docket number to appear on a notice of appeal and these appeals were held in abeyance pending the resolution of the issue by the Court *en banc*. On July 9, 2020, the Court *en banc* expressly overruled **Creese**'s determination that the inclusion of multiple docket numbers invalidates notices of appeal that are in fact filed by the

> Did the lower court err by dismissing the Appellant's PCRA petition as meritless when it found that trial counsel was not ineffective when she failed to order a mental health evaluation prior to the Appellant's sentencing on the three transcripts?

Appellant's Brief at 4.

Before we consider this issue, we must address whether Appellant's PCRA petitions in CR-1918-2010 and CR-9727-2011 were timely filed. The question of whether a PCRA petition is timely is a question of law over which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018); ***Commonwealth v. Woods***, 179 A.3d 37, 42 (Pa. Super. 2017). The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of the petition, even where the convicted defendant claims that his sentence is illegal. ***Commonwealth v. Fahy***, 737 A.2d 214, 222-23 (Pa. 1999); ***Pew***, 189 A.3d at 488; ***Woods***, 179 A.3d at 42.

---

appellant in each docket. ***Commonwealth v. J. Johnson***, ___ A.3d ___, ___, 2020 PA Super 164, at *12 (filed July 9, 2020) (*en banc*). Accordingly, because the record shows that Appellant filed a separate notice of appeal in each of the dockets, his appeals fully complied with ***Walker*** and are valid. ***J. Johnson***, ___ A.3d at ___, at *11-*12; ***see also Commonwealth v. R. Johnson***, ___ A.3d ___, ___, 2020 PA Super 173, at *3-*4 (filed July 23, 2020) (*en banc*).

Appellant's judgment of sentence in all three cases became final on July 8, 2015, when the thirty-day period for filing appeals from the sentences imposed on June 8, 2015 expired. 42 Pa.C.S. § 9545(b)(3). The one-year period time limit for filing PCRA petitions in these cases therefore expired on July 8, 2016. Appellant did not, however, file any PCRA petition in either CR-1918-2010 or CR-9727-2011, until August 1, 2017, more than one year later and more than two years after his sentences in those cases became final. Although Appellant did file a timely PCRA petition in CR-6203-2014 in April 2016, that filing cannot constitute a PCRA petition in CR-1918-2010 or CR-9727-2011, as it bears only the CR-6203-2014 docket number, challenges only the conviction and 6-to-18 year sentence in that case, and does not refer at all to the probation revocations or 3-to-6 year violation of probation sentences in CR-1918-2010 and CR-9727-2011. CR-6203-2014 PCRA Petition at 1-3.

A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Appellant, however, does not contend that any of these exceptions apply. Rather, he has alleged that his CR-1918-2010 and CR-9727-2011 PCRA petitions were timely solely on the basis of his timely April 14, 2016 PCRA petition in CR-6203-2014, which does not constitute a PCRA petition in either CR-1918-2010 or CR-9727-2011. CR-1918-2010 Amended PCRA Petition at 3-4; CR-9727-2011 Amended PCRA Petition at 3-4.[4]

With respect to the dismissal of Appellant's timely CR-6203-2014 PCRA petition, we review this order to determine whether the record supports the trial court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007).

Appellant's sole claim is that trial counsel was ineffective in failing to order a mental health evaluation prior to sentencing. To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit;

---

[4] We note that the untimeliness of Appellant's CR-1918-2010 and CR-9727-2011 PCRA petitions was not caused by any act or omission of his present PCRA counsel, as his present PCRA counsel was not appointed until after the one-year PCRA time limit had already expired.

(2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. **Mason**, 130 A.3d at 618; **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018); **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). The defendant must satisfy all three elements of this test to obtain relief under the PCRA. **Mason**, 130 A.3d at 618; **Stewart**, 84 A.3d at 706.

The trial court correctly concluded that Appellant did not show that the failure to order a mental health evaluation caused him prejudice. To satisfy the prejudice element of an ineffective assistance of counsel claim, the convicted defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. **Mason**, 130 A.3d at 618; **Reaves**, 923 A.2d at 1127; **Stewart**, 84 A.3d at 707. Where, as here, trial counsel's error is a failure to provide proper representation with respect to the defendant's sentencing, the prejudice element requires that the defendant show a reasonable probability that the action that counsel failed to take would have resulted in a more favorable sentence. **Reaves**, 923 A.2d at 1131-32; **Presley**, 193 A.3d at 444-45.

Here, there was no reasonable probability that ordering a mental health evaluation would have resulted in a different sentence in CR-6203-2014. As Appellant concedes, the 6-to-18 year sentence was a negotiated sentence that required no evaluation of sentencing factors. Appellant's Brief at 8, 10. Moreover, prior to accepting the plea and imposing sentence, the trial court

was provided information concerning Appellant's serious mental health issues, including the fact he suffered from schizophrenia and alcoholism, had suffered a stroke, and was not receiving his medications. N.T., 6/8/15, at 5-8, 20-21, 23-24. Appellant does not point to any information that a mental health evaluation would have provided the trial court concerning Appellant's mental health or impairments beyond the information that it in fact received that could have caused the trial court to reject the negotiated sentence or affect its determination of an appropriate sentence. Appellant does not contend that additional information from a mental health evaluation would have caused the trial court to reject his guilty plea as involuntary. Indeed, Appellant does not assert that his plea was involuntary or seek to have his plea set aside; rather the only prejudice that he argues is the possible effect on his violation of probation sentences and the only relief that he seeks is resentencing in the violation of probation cases. Appellant's Brief at 12-13.

Because Appellant's PCRA petitions in CR-1918-2010 and CR-9727-2011 were untimely and Appellant failed to show that trial counsel's alleged error caused him prejudice in CR-6203-2014, we affirm the PCRA court's orders dismissing Appellant's PCRA petitions.

Orders affirmed.

Judge Ott did not participate in the consideration or decision of these matters.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20