J-S09018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL HUTCHINSON | : | |
| | : | |
| Appellant | : | No. 1833 EDA 2025 |

Appeal from the PCRA Order Entered June 11, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0350711-1987

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL HUTCHINSON | : | |
| | : | |
| Appellant | : | No. 1834 EDA 2025 |

Appeal from the PCRA Order Entered June 11, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0350831-1987

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                                   **FILED APRIL 22, 2026**

Darnell Hutchinson ("Hutchinson") appeals from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Given our disposition, a detailed recitation of the facts is not necessary. Briefly, on February 14, 1987, Hutchinson and another man used a handgun and a sawed-off shotgun to threaten the bartender at Pat's Honey Hole Bar in Philadelphia and thereafter absconded with the money in the bar's cash register. That same day,[2] Hutchinson and his accomplice attempted the same crime at a Kentucky Fried Chicken ("KFC") restaurant. However, this attempt proved unsuccessful when the cashier refused to open the locked cash register and instead fled for his safety, thus leaving Hutchinson and his accomplice empty-handed. Two days later, Hutchinson and the same accomplice entered Pagano's Steak Shop and robbed it at gunpoint. Following a brief investigation, during which both the Pat's Honey Hole bartender and the KFC cashier identified Hutchinson as one of the individuals who had threatened them at gunpoint, police arrested Hutchinson, and the Commonwealth charged him with multiple crimes at three separate dockets: 0350661-1987; 0350711-1987; and 0350831-1987.[3]

_____

[2] The record is unclear as to the order of these events.

[3] The Commonwealth charged Hutchinson at docket: 0350661-1987 for his actions within Pagano's Steak Shop; 0350711-1987 for his actions inside the KFC; and 0350831-1987 for his actions inside Pat's Honey Hole Bar. Additionally, despite the instant appeal concerning only the latter two of these dockets, we nonetheless provide the procedural history for all three dockets, as these cases have been confused and/or comingled in prior direct appeal and PCRA proceedings.

The charges at docket 0350661-1987 initially proceeded to a jury trial, whereupon a jury convicted Hutchinson of robbery and possession of an instrument of crime at Pagano's Steak Shop. On December 10, 1987, the trial court imposed an aggregate term of twelve and one half to twenty-five years' imprisonment. On July 17, 1989, this court affirmed Hutchinson's judgment of sentence at docket 0350661-1987, and on March 12, 1990, our Supreme Court denied his petition for review. *See Commonwealth v. Hutchinson*, 564 A.2d 1004 (Pa. Super. 1989) (unpublished memorandum), *appeal denied*, 575 A.2d 109 (Pa. 1990). Hutchinson did not seek further review by the United States Supreme Court.

With respect to the charges at docket 0350831-1987, Hutchinson proceeded to a consolidated jury trial with his co-defendant/accomplice at Pat's Honey Hole Bar, at the conclusion of which a jury found Hutchinson guilty of criminal conspiracy. On February 4, 1988, the trial court imposed a sentence of five to ten years' imprisonment for this crime, to be served consecutively to the sentence imposed at docket 0350661-1987. This Court affirmed Hutchinson's judgment of sentence at 0350831-1987, and on March 12, 1990, our Supreme Court denied his petition for review. *See Commonwealth v. Hutchinson*, 564 A.2d 1004 (Pa. Super. 1989)

(unpublished memorandum), *appeal denied*, 575 A.2d 109 (Pa. 1990).[4] Again, Hutchinson did not seek review by the United States Supreme Court.

Lastly, as it pertains to the charges filed at docket 0350711-1987, Hutchinson entered a negotiated guilty plea to one count of criminal conspiracy in exchange for the Commonwealth agreeing to *nolle prosequi* his remaining charges. Consequently, on April 18, 1988, following its acceptance of the terms of the plea agreement, the trial court imposed a sentence of two and one half to five years' imprisonment, to be served consecutively to the sentences imposed at dockets 0350661-1987 and 0350831-1987.[5] Hutchinson did not pursue a direct appeal from this judgment of sentence.

In December 1999, Hutchinson filed his first PCRA petition with respect to his convictions at docket 0350661-1987. The PCRA court appointed counsel, who subsequently filed a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth***

---

[4] This Court's opinions affirming Hutchinson's judgments of sentence at dockets 0350661-1987 and 350831-1987 are published at the same location in the Atlantic Reporter. The same is also true with respect to the Supreme Court's orders denying Hutchinson's petitions for allowance of appeal.

[5] As this sentence runs consecutive to the terms imposed at dockets 0350661-1987 and 0350831-1987, Hutchinson's combined sentences at these three dockets equate to an aggregate term of twenty to forty years' imprisonment. Accordingly, because the trial court listed the effective date of Hutchinson's sentence at 0350831-1987 as February 26, 1987, due to his receipt of credit for time served, he would have finished serving his sentences at 0350661-1987 and 0350831-1987 by February 26, 2022. However, he will be serving his sentence of two and one half to five years' imprisonment at 0350711-1987, whether in prison or on parole, until February 26, 2027.

*v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed the petition. Although Hutchinson appealed the dismissal order, this Court dismissed the appeal for his failure to file a brief.

Hutchinson thereafter filed multiple PCRA petitions in which he referenced all three dockets. Hutchinson filed the first of these petitions in April 2006. As this filing constituted Hutchinson's first petition at dockets 0350711-1987 and 0350831-1987, the PCRA court appointed counsel.[6] However, because this filing constituted Hutchinson's second petition with respect to docket 0350661-1987, the PCRA court did not appoint counsel at this docket.

The PCRA court dismissed Hutchinson's petition insofar as it related to his convictions at 0350661-1987. This Court affirmed the dismissal order, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Hutchinson*, 943 A.2d 315 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 948 A.2 803 (Pa. 2008).

With respect to the issues arising out of dockets 0350711-1987 and 0350831-1987, PCRA counsel made multiple filings at each docket. At docket 0350711-1987, PCRA counsel filed both an amended and a supplemental petition, in which she explained that Hutchinson's illegality of sentence claim had arguable merit, inasmuch as Hutchinson argued the trial court violated

---

[6] The PCRA court appointed the same counsel at each of these dockets. As a result, counsel combines the dockets in her filings.

- 5 -

the terms of his plea agreement by running his sentence consecutively instead of concurrently.[7]   At docket 0350831-1987, PCRA counsel filed two *Turner*/*Finley* "no-merit" letters as well as a motion to withdraw as counsel. In response to these filings, the PCRA court filed a Pa.R.Crim.P. 907 notice, explaining that each of the issues Hutchinson raised in his petition were without merit.  Hutchinson did not file a response to this notice, and the PCRA court dismissed the petition thereafter.  Hutchinson filed a timely notice of appeal at both dockets; however, this Court dismissed the appeal for failure to file a brief.  *See* Order, 12/5/08.[8]

In May 2011, Hutchinson filed another PCRA petition listing all three dockets.  This petition constituted Hutchinson's second petition at dockets 0350711-1987 and 0350831-1987, and his third petition at docket 0350661-

---

[7] We note that because PCRA counsel's filings jointly addressed Hutchinson's issues at both 0350711-1987 and 0350831-1987, she combined her "no-merit" letters and her amended/supplemental petitions into the same document filed at each docket.

[8] In November 2009, Hutchinson filed a *pro se* petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania.  Within this petition, Hutchinson once more challenged the legality of his sentence at docket 0350711-1987 due to its consecutive nature. On June 15, 2010, the district court dismissed Hutchinson's petition as untimely.  *See Hutchinson v. Lawler*, 2010 WL 2464989 (E.D. Pa. 2010).

1987. The PCRA court ultimately dismissed the petition as untimely.[9] Hutchinson did not appeal from this order.

Finally, on September 29, 2023, Hutchinson filed the underlying *pro se* PCRA petition at dockets 0350711-1987 and 0350831-1987 — his third at each docket.[10] Hutchinson raised one issue in this petition, solely concerning the legality of his sentence at 0350831-1987. To support the merits of this claim, Hutchinson attached a letter he addressed to our Supreme Court in 2012, in which he generally argued that his sentence at 0350831-1987 was illegal in light of the Court's holding in *Commonwealth v. Dickson*, 918 A.2d 95 (Pa. 2007).[11] In this 2012 letter, Hutchinson claimed that he had only recently discovered the 2007 *Dickson* case. In his petition, however, Hutchinson made no claim that he had only recently discovered the *Dickson* case. Instead, he merely referred to the case as the basis for his illegality of

_____

[9] Prior to this order, Hutchinson filed another petition for writ of *habeas corpus* at each docket on various dates in 2012. In its opinion disposing of Hutchinson's issues with respect to docket 0350661-1987, the PCRA court clarified that it treated the petition for writ of *habeas corpus* filed at this docket as a supplement to the underlying PCRA petition. *See* Memorandum and Order, 6/24/13, at n.1. We thus glean the PCRA court treated the other *habeas corpus* petitions similarly.

[10] Although Hutchinson originally included docket 0350661-1987 in his petition, he struck a line through that docket number prior to filing his petition.

[11] In *Dickson*, our Supreme Court held that the maximum sentence provision of 42 Pa.C.S.A. § 9712(a) does not apply to an unarmed co-conspirator when his accomplice visibly possessed the firearm used to facilitate a crime of violence. *See Dickson*, 918 A.2d at 109.

sentence claim at 0350831-1987. Hutchinson did not include any claim in his petition with respect to his sentence at 0350711-1987. Nor did he acknowledge the untimeliness of his petition or include any argument within his petition that he met any of the PCRA's enumerated timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1).

Following its review of Hutchinson's petition, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without an evidentiary hearing, reasoning that: (1) Hutchinson is ineligible for relief as "[t]he instant petition challenges criminal convictions for which [his] sentence has since expired[;]" (2) "[e]ven if [he] possessed standing, [he] still would have failed to satisfy an exception to the PCRA's timeliness requirement[;]" and (3) his issue "constitutes a claim already raised in a prior PCRA [which was] dismissed on grounds of timeliness[.]" Rule 907 Notice, 5/14/25, at unnumbered 1-2, n.1. In response, Hutchinson informed the court that he was still serving an underlying sentence on parole, and that his instant illegality of sentence claim differed from the one raised in his prior petition. *See* Rule 907 Response, 6/2/25, at unnumbered 1. Notably, however, this filing did not include any reference to the court's determination that his petition was untimely without meeting any exception to the PCRA's one-year time bar.

On June 11, 2025, the PCRA court dismissed Hutchinson's petition for the reasons detailed above. *See* Opinion, 6/11/25, at unnumbered 1-2, n.1. Hutchinson filed a timely notice of appeal. The PCRA court did not order him

to file a Pa.R.A.P. 1925(b) concise statement, and he did not file one. In lieu of drafting a separate Rule 1925(a) opinion, the PCRA court opted to rely on the analysis accompanying its dismissal order.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

On appeal, Hutchinson generally challenges the PCRA court's dismissal of his petition following its determination that he is ineligible for PCRA relief. Hutchinson avers that because he is still on parole for the underlying sentence, the PCRA court should have reached the merits of his illegality of sentence claim, and thus found his sentence illegal pursuant to *Dickson* — as he outlined in the aforementioned letter from 2012. *See* Hutchinson's Brief, 11/12/25, at 3-4.

Preliminarily, before we may reach the merits of Hutchinson's issues on appeal, we must first determine whether this Court has the requisite

- 9 -

jurisdiction to do so. Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, the sole issue that Hutchinson raises concerns his judgment of sentence at 0350831-1987. We reiterate that the trial court imposed this sentence on February 4, 1988, and our Supreme Court denied Hutchinson's petition for allowance of appeal from this sentence on April 6, 1990. Accordingly, because Hutchinson did not seek further review with the United States Supreme Court, his judgment of sentence became final ninety days later, on July 5, 1990. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13 (requiring appellant to file a petition for writ of certiorari in the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). Thus, Hutchinson had one year from that date, until July 5, 1991, to timely file a PCRA petition at this docket. *See* 42 Pa.C.S.A. §

9545(b)(1). As he filed the instant petition on September 29, 2023, it is facially untimely.[12]

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has

---

[12] Although Hutchinson does not raise any challenge in relation to his sentence at 0350711-1987, we nonetheless clarify that even if he did, we would reach the same conclusion with respect to timeliness. Pertinently, because Hutchinson did not file an appeal from the judgment of sentence imposed on April 18, 1988, this judgment of sentence became final thirty days later, on May 18, 1988. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken); *see also* 42 Pa.C.S.A. § 9545(b)(3). As Hutchinson generally had one year from that date, until May 18, 1988, to timely file a PCRA petition, his instant petition filed on September 29, 2023, is facially untimely at this docket as well. *See* 42 Pa.C.S.A. § 9545(b)(1).

emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Finally, it is well-settled that "[a]lthough legality of sentence is always subject to review within the PCRA, [these] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Consequently, an "[a]ppellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence." ***Commonwealth v. Woods***, 179 A.3d 37, 43 (Pa. Super. 2017).

Here, the PCRA court dismissed Hutchinson's petition at both dockets following its conclusion that, *inter alia*, it was untimely and Hutchinson failed to prove the application of any timeliness exception.[13]

---

[13] Although the PCRA court credited Hutchinson with raising the newly-discovered fact exception, the court found that he failed to prove the applicability of that exception. The PCRA court came to this conclusion as a result of Hutchinson's reference to, and inclusion of, his 2012 letter to our Supreme Court, wherein he argued that his discovery of the Court's holding in ***Dickson*** constituted a newly-discovered fact. The PCRA court concluded that because Hutchinson was aware of ***Dickson*** in 2012, it did not qualify as a new fact for purposes of the exception. We disagree with the PCRA court's determination that Hutchinson raised the newly-discovered fact exception. We clarify that Hutchinson did not reference the newly-discovered fact exception in the instant PCRA petition. Instead, he merely referred to his 2012 letter to explain how his sentence is illegal. As a result, Hutchinson did not acknowledge the untimeliness of his petition, nor did he plead or prove that any timeliness exception applied. We thus conclude he did not raise any timelines exception in his petition.

After careful review of the record, we conclude that Hutchinson's PCRA petition is untimely, and he failed to plead or prove any exception to the PCRA's one-year time bar. Consequently, neither this Court nor the PCRA court have jurisdiction to consider the merits of his issues at either of the dockets cited in his petition. ***See Commonwealth v. Cox***, 146 A.3d 221, 231 (Pa. 2016) (holding that where a petition is untimely and the petitioner has failed to satisfy an exception to the PCRA's time bar, "no court could have jurisdiction to reach the merits of the issue[s] . . . raised therein"); ***see also Fahy***, 737 A.2d at 223. Thus, we affirm the PCRA court's dismissal order.[14]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2026

---

[14] Moreover, we note that even if we had jurisdiction to review the merits of Hutchinson's claims, we would have concluded that he is ineligible for PCRA relief. As we previously explained, Hutchinson's sole issue in his instant PCRA petition concerns the legality of his sentence at 0350831-1987. However, because we determined *supra* that he is no longer serving this sentence, he is ineligible for PCRA relief with respect to this claim. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i) (explaining that to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation[,] or parole for the crime").